Henry B. Black, Joseph Deering, I. Engle Cochran, Jr., C. W. Perkins and John R. Sweney v. The City of Chester, John B. Hinkson, Mayor, James B. Campbell, City Clerk, John L. Hawthorne, City Controller, Appellants.

*Municipalities — Contract, lighting streets for five years—Contract for cities of the third class—Act of May* 23, 1889.

Under the act of May 23, 1889, article 5, section 3, clause 41, P. L. 277, authorizing cities of the third class " to provide for and regulate the lighting of streets with gas or electric lights or light by other means," a city of the third class has a right to enter into a contract for lighting its streets for a term of five years, and there is nothing in article 9, section 5, or in article 6, section 10, or in article 4, section 6, of the same act, which imposes any limitation upon the power of the city to enter into such a contract.

The provision in article 9, section 5, of the act of May 23, 1889, P. L. 277, requiring the controller to certify upon a contract which involves an appropriation of money, the estimated amount of expenditure thereunder for the ensuing fiscal year, does not interfere with the right of the municipality to make a contract for lighting streets for a term of years.

If a contract involves an appropriation of money it is the duty of the controller to certify upon it the estimated amount of the expenditure thereunder chargeable against the item of appropriation on which it is founded. He does not make or supervise the estimate but he is required

to certify it on the contract. If the contract is to furnish light or water for a term of years to be paid for monthly, quarterly or annually, he should certify upon it the estimated amount of expenditure thereunder for the ensuing fiscal year. In other words, it is his duty to certify upon it the estimate made by the proper department in accordance with the fact. Per McCollum, J.

Argued Feb. 14, 1896. Appeal, No. 29, Jan. T., 1896, by defendants, from decree of C. P. Delaware Co., June T., 1895, No. 11, on bill in equity. Before Williams, McCollum, Mitchell, Dean and Fell, JJ. Reversed.

Bill in equity to restrain the city of Chester from entering into a contract for city lighting.

From the record it appeared that the city of Chester is a city of the third class, operating under the municipal act of May 23, 1889, P. L. 277. Its streets have been for several years and are now lighted by the Chester Electric Light and Power Company. This company is the only person, corporation or company in said city furnishing light by electricity to the public.

The municipal authorities advertised for bids for lighting the city for one, three and five years. On the one year offer the Chester Electric Light and Power Company was the lowest bidder. On the five years' offer the bid of the Beacon Electric Company was the lowest. The city awarded the contract to the Beacon Electric Company for five years at its bid.

The court entered an injunction against the defendants in accordance with the prayer of the bill.

*Error assigned* was decree of the court.

*O. B. Dickinson* and *A. A. Cochran*, city solicitor, for appellants.—Under the general powers conferred upon municipalities and in the absence of any restrictions or limitations, they have authority to enter into contracts within the scope of their powers and are bound by the contractual relations they have entered into as are other corporations or individuals: Erie City's App., 91 Pa. 403; Wade v. Oakmont, 165 Pa. 479; East St. Louis v. East St. Louis Gas Co., 98 Ill. 415; Carlisle City v. Carlyle Water Co., 31 Ill. 325; Valparaiso v. Gardner, 97 Ind. 1; Water Co. v. Columbus, 48 Kansas, 99; Water Co. v.

Montgomery, 9 S. Rep. 343; Grant v. Davenport, 36 Iowa, 396.

*J. B. Hannum,* for appellees.—The city could not make a contract for a longer term than one year: Erie City's App., 91 Pa. 403; Wade v. Oakmont, 165 Pa. 479.

The requirements of article IX. section 5 are mandatory. No contract can take effect until its requirements are complied with: Hepburn v. Philadelphia, 149 Pa. 335.

Unless councils have the power to appropriate for a contract of five years the contract would be illegal: Philadelphia v. Flanigen, 47 Pa. 21; Philadelphia v. Johnson, 47 Pa. 382; Mathews v. Philadelphia, 93 Pa. 147; Taylor v. Lambertville, 10 Alt. 809; Kilchli v. Minneapolis, 59 N. W. 1088.

No debt or contract is binding unless authorized by law and ordinance, and appropriation made: Ross v. City, 115 Pa. 222; Wimer v. Worth Twp., 104 Pa. 317.

OPINION BY MR. JUSTICE McCOLLUM, April 13, 1896:

Has a city of the third class incorporated under or governed by the act of May 23, 1889, P. L. 277, the right to enter into a contract for lighting its streets for a term of five years? This is the only question raised in the case before us, and the answer to it depends upon the construction of the act referred to. This act in clause 41 of section 3, article 5, authorizes the city "to provide for and regulate the lighting of streets with gas or electric lights or light by other means." The city in the exercise of the power conferred by this clause and clause 42 of the same section and article, may erect and maintain a plant for the purpose of furnishing light for its own use and for the use of such persons, partnerships and corporations therein as may desire the same, or make contracts with and authorize any person, company or association so to do.

The city of Chester has no plant for furnishing light, nor does it now propose to erect one. It has, however, a contract with the Chester Electric Light and Power Company to furnish light for one year, from the first of April, 1894, and this contract contains a provision that if the city shall at the expiration of the year award the contract for lighting to another company, or shall decide and proceed to construct an electric light or gas plant

of its own, the Chester Electric Light and Power Company shall furnish light under its contract "until the committee on lights of the councils of the city of Chester shall order and direct the discontinuance of the same." The obvious purpose of inserting this provision was to secure light for the city under the old contract until the new contractor was qualified to furnish it, or the city could construct and operate a plant of its own.

The city having awarded to the Beacon Electric Company the contract for lighting the streets for the term of five years, and its right to do so being questioned, the Chester Electric Light and Power Company continues to supply light in accordance with the provisions of the contract of 1894. The right of the city to enter into the contract under which it is now supplied with light, is not disputed, although the provision in it to which we have referred may require the company to furnish light under it two years or more.

It is for the city to determine whether it will enter into a contract with a responsible company for lighting the streets, or erect and operate a plant of its own for lighting them. It may adopt either plan without exceeding or abusing the power committed to it. But the appellees claim that the city cannot make a contract for lighting the streets for more than a year, and that the award to the Beacon Electric Company of a contract for lighting them for the term of five years was unauthorized. The first objection to the claim is that there is no express limitation of this kind upon the power with which the city is invested by the act of 1889 in regard to the lighting of streets. This is conceded, but it is said that there is an implied limitation upon the power arising from the provisions of the act defining the duties of councils in making appropriations and fixing the tax rate, and the duty of the controller in regard to the certification required by section 5 of article 9 on every contract involving an appropriation of money. It is also said that the claim of an implied limitation upon the power to contract has some support in section 10 of article 6 which provides that "the several departments of the city government shall, before the commencement of the fiscal year, present to councils an estimate of the probable receipts and expenditures, and of the amount required by each of said departments for the public service during the ensuing year," and in the reference to

"annual contracts for labor and supplies" in that portion of section 6, article 4, which relates to the creation of a contingent fund.

We are unable to discover in the provisions referred to, or in the other provisions of the act of 1889, any sufficient warrant for the contention that the city cannot make a contract for lighting its streets for a longer period than one year, or any satisfactory ground for restricting by implication the power conferred by clauses 41 and 42 in section 3, article 5. The duty of the controller in regard to the certification of contracts is ministerial and the performance of it may be compelled by mandamus: Com. v. George, 148 Pa. 463. If a contract involves an appropriation of money it is his duty to certify upon it the estimated amount of the expenditure thereunder chargeable against the item of appropriation on which it is founded. He does not make or supervise the estimate but he is required to certify it on the contract. If the contract is to furnish light or water for a term of years to be paid for monthly, quarterly or annually, he should certify upon it the estimated amount of expenditure thereunder for the ensuing fiscal year. In other words it is his duty to certify upon it the estimate made by the proper department, in accordance with the fact. We have specifically referred to his duty in this respect because it is strenuously contended by the appellees that the provision which prescribes it is inconsistent with the power to contract for light for a longer period than one year: We do not so regard it.

The only restriction in the act of 1889 upon the power of the city to contract for light is found in clause 42, section 3 of article 5. What is the real scope and meaning of this clause? It concedes to the city the exclusive right to supply light for its own use and for the use of such persons, partnerships and corporations as may desire the same, and authorizes it "in territory not supplied with light" "to make contracts with and authorize any person, company or association so to do, and to give such person, company or association the privilege of supplying gas or other light as aforesaid, for any length of time not exceeding ten years." The "territory not supplied with light" may include the whole city or a part of it only. The privilege which may be granted to the contractor embraces light for the city as well as for such persons, partnerships and corporations

therein as may desire the same. There is no warrant in the clause in question for holding that "the privilege of supplying gas or other light, as aforesaid" means the privilege of supplying it to the latter only. We think, also, that the proper construction of this clause applies the limitation in it to the contract the city may make as well as to the privilege it may grant.

In accordance with the views we have expressed we conclude that the city of Chester in awarding the contract for lighting its streets "to the Beacon Electric Company for the term of five years" did not exceed the power conferred upon it in section 3, article 5 of the act of 1889. This conclusion accords with and is supported by the City of Erie's Appeal, 91 Pa. 403, and Wade v. Oakmont Borough, 165 Pa. 479. The former related to a contract which involved the lease to the city of a market house for the term of twenty-five years at an annual rent of $1,500, and the latter to a contract with the borough to supply light for a term of seven years for $1,600 per year. It was held in each case that the contract was valid if it appeared that the current revenues of the city or borough were sufficient to meet the payments to be made under it together with the interest upon the indebtedness of the municipality and the ordinary expenses of the municipal government. As it did not so appear in the Erie case the city was restrained by injunction from carrying out the contract. As it was shown in Wade v. Oakmont that the current revenues of the borough were sufficient for the purposes above stated the contract was sustained. It is said that inasmuch as the only objection made to these contracts was that they created an indebtedness within the inhibition of the constitution, the cases cited cannot be regarded as affording any support to the appellants' contention in the case before us. But this view seems to overlook the express declaration of the court in each case that if the contracts and engagements of the municipality do not overreach its current revenues no objection can be lawfully made to them, and the fact that the contract under consideration in each case was for a term of years. Besides it was distinctly held in Wade v. Oakmont that a contract for lighting the streets of the borough for the term of seven years was within the scope of the powers granted boroughs by the act of 1851. The boroughs by that act are authorized "to light the streets," and the cities of the third class are authorized by

the act of 1889 "to provide for and regulate the lighting of streets." There is no provision in either act which expressly or by necessary implication denies to the municipality the right to make contracts for lighting its streets for any period not exceeding ten years.

We do not consider it necessary to include in this opinion a review of the cases from other states which are cited as supporting or condemning the appellee's contention. The decisions in them are based on the construction of the municipal charter or of the legislation pertinent to the question involved in the case. They are by no means decisive of nor do they afford any material assistance in determining our question, which, as we have seen, depends on the construction of the act of May 23, 1889, P. L. 277.

Decree reversed and bill dismissed at the cost of the appellees.