## Metropolitan Electric Company, Appellant, *v.* The City of Reading.

*Municipalities—Contract for electric lighting of streets for five years—Act of May 23, 1889.*

Under the act of May 23, 1889, P. L. 293, a city of the third class may lawfully enter into a contract for lighting its streets for the term of five years, and it will be liable for the money payable thereunder.

Argued March 5, 1896. Appeal, No. 253, Jan. T., 1896, by plaintiff, from judgment of C. P. Berks Co., Oct. T., 1895, No. 63, on verdict for defendant. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Reversed.

Case stated to determine the liability of defendant under a contract for electric lighting. Before ERMENTROUT, P. J.

The case stated was as follows :

On the 9th day of March, 1895, The Metropolitan Electric Company, a corporation duly incorporated under the laws of the state of Pennsylania and located in the city of Reading, Berks county, Pennsylvania, entered into a contract with the city of Reading, the defendant, a municipal corporation gov-

erned by the act of May 23, 1889, P. L. 293, being "An act providing for the incorporation and government of cities of the third class."

By said contract the plaintiff covenanted and agreed to furnish and provide for the use of the said defendant at least 500 and not exceeding 700 lamps, or incandescent lights of 20-candle power, together with all the tools, materials, wires, conductors, lamps, dynamos, and apparatus generally necessary for lighting the streets of the city of Reading, and to light the same with said incandescent lights every night and all night, for and during a period of five years from the first Monday of April, A. D. 1895; in consideration of which the city of Reading agreed, inter alia, to pay to the said plaintiff the sum of $20.40 per light per annum for each and every incandescent light of 20-candle power furnished during a period of five years from the first Monday of April, 1895.

The controller of the city of Reading refused to certify the said contract, upon the ground that the city of Reading could not enter into a contract for lighting said streets for a period longer than one year.

Attached to said contract were five certificates to be certified by the said controller from year to year as appropriations were made covering the stipulated annual expenditure for that purpose.

The Metropolitan Electric Company, the plaintiff, performed its part of the contract, by furnishing the number of incandescent lights required, and lighting the streets of Reading from the first Monday of April, 1895, to the present time.

There is now due under the terms of said contract from the said defendant to the said plaintiff the sum of $1,200, if said contract is a valid legal obligation.

The court entered judgment for defendant on case stated.

*Error assigned* was entry of judgment as above.

*Richmond L. Jones*, for appellant.—The city had power to make the contract in question: Wade v. Oakmont Borough, 165 Pa. 479; Com. v. George, 148 Pa. 463.

To show the extent of this practical interpretation, I give the following list of cities and towns in Pennsylvania which are

among those that have entered into contracts under it for lighting the streets for terms exceeding one year: Allentown 5; Ashland 3; Bloomsburg 5; Braddock 3; Butler 5; Carlisle 9; Chester 5; Coatesville 5; Corry 5; Du Bois 6; Carbondale 3; Frackville 3; Franklin 5; Hanover 3; Harrisburg 5; Homestead 3; Huntingdon 2; Indiana 3; Irwin and Jeannette 7 and 10; Johnstown 3; Lock Haven 5; Mt. Carmel 5; Newcastle 5; Oil City 10; Phœnixville 5; Pittsburg 4; Pottsville 5; Reading 5; Shamokin 5; Shenandoah 2; West Chester 5; Wilkinsburg 2; Hazleton 5.

These contracts for terms of years have been generally sustained in other states, and I know of no exception unless based on some repeal of the statute or other special ground: East St. Louis v. East St. Louis Gas Co., 98 Ill. 415; Carlisle City v. Carlyle Water Co., 31 Ill. 315; Water Co. v. Columbia, 48 Kansas, 99; Water Co. v. Montgomery, 9 S. Rep. 343; Grant v. Davenport, 36 Iowa, 396.

*William Kerper Stevens*, for appellee.—The municipal act of 1889 contemplates the making of annual contracts by cities of the third class: Davis v. Town of Harrison, 46 N. J. L. 79; Philadelphia v. Flanigen, 47 Pa. 22; Taylor v. Lambertsville, 10 Atl. Rep. 809; Garrison v. Chicago, 7 Biss. 480; Kilchli v. Minneapolis, 59 N. W. Rep. 1088.

The select and common councils of the city of Reading cannot by contract deprive subsequent councils of their power to make laws in relation to the same subject-matter: 1 Dillon on Muncipal Corporations, sec. 97; Mott v. Penna. R. R., 30 Pa. 9; East St. Louis v. East St. Louis Gas Light & Coke Co., 98 Ill. 415; Iron City Bank v. Pittsburg, 37 Pa. 340.

OPINION BY MR. JUSTICE McCOLLUM, April 13, 1896:

In this case, as in Black et al. v. The City of Chester et al., No. 29, January term, 1896, just decided, supra, 101, the only question presented on the appeal is whether a city of the third class, governed by the act of May 23, 1889, can lawfully enter into a contract for lighting its streets for the term of five years. The question was raised in the case referred to by a taxpayer's bill to enjoin the city from entering into such a contract, while in the case before us it arises in a suit upon the contract for

money payable thereunder. For the reasons stated in the opinion filed in that case the judgment entered by the court below in this case must be reversed.

The judgment is reversed, and judgment is now entered on the case stated in favor of the plaintiff and against the defendant for $1,200 and costs.