Jacob R. Seitzinger, Appellant, *v.* The borough of Tamaqua and the Edison Electric Illuminating Co. of Tamaqua.

| | |
|---|---|
| 187 | 539 |
| e202 | ²167 |
| 187 | 539 |
| e206 | ⁴191 |
| 187 | 539 |
| 32 SC | ²516 |
| 187 | 539 |
| d218 | 129 |
| f218 | ³639 |

*Municipalities—Contract for lighting streets.*

A vote to increase the indebtedness of a borough for the purpose of establishing an electric light plant in the borough is not a bar to or impairment of the borough's right to enter into a contract for lighting its streets.

The passing by a borough council of a resolution awarding a contract for lighting streets is not a legislative, but a ministerial, act in the nature of a business transaction, relating to the municipal affairs of the borough.

It is within the lawful power of a borough to enter into a contract for lighting its streets for a period of more than one year.

A resolution of the council of a borough authorizing a contract for lighting the streets need not be transcribed in the ordinance book or duly advertised.

Argued Feb. 17, 1898.    Appeal, No. 25, Jan. T., 1898, by plaintiff, from decree of C. P. Schuylkill Co., March T., 1897, No. 1, on bill in equity.    Before Sterrett, C. J., Green, Williams, McCollum and Mitchell, JJ.    Affirmed.

Bill in equity to restrain a borough council from entering into a contract for lighting its streets.    Before Savidge, P. J., of the 8th judicial district, specially presiding.

On September 2, 1895, the town council of the borough of Tamaqua entered into a written contract with the Edison Electric Illuminating Company for lighting the streets of the borough, pursuant to a resolution of council passed August 26, 1895, and duly approved by the chief burgess. The contract was for five years, and provided for eighty, ten amperes, fifty volt, 2,000 candle power, arc lights, at $75.00 per light per year, to be paid monthly.

On the faith of the contract the Edison Company enlarged its plant, at great expense and, since December 1, 1895, has been furnishing the lights required. No complaint is made of the efficiency of the service. Prior to December last, the streets were lighted by the same company, incandescent lamps being used. The Edison Company had the only electric lighting plant in the town. On February 20, 1895, an election, authorized by resolution of town council, was held on the question of increasing the borough indebtedness $25,000, for the purpose of providing a town light and power plant. The proposition carried by a large majority.

It was contended that the contract in question ought to be annulled, because (*a*) council was concluded by the will of the people expressed at the polls and could not, thereafter, contract with a private concern for street lighting service, but were bound to provide the borough plant, for which the increased indebtedness was authorized, (*b*) the contract was illegal, not having been authorized by borough ordinance, (*c*) the borough authorities could not contract for a longer term than one year, (*d*) the contract was improvident and the prices to be paid excessive.

The trial court dismissed the bill.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was decree dismissing bill.

*J. O. Ulrich*, with him *J. W. Ryon*, for appellant.—Any regulation of the lighting of streets must be by ordinance: Com. v. Beaver Boro., 171 Pa. 542; Kepner v. Com., 40 Pa. 124; In re Seventh St. Lebanon City, 5 Dist. Rep. 591; Borough of Milford v. Milford Water Co., 124 Pa. 610; Penna. Globe Gaslight Co. v. Scranton, 97 Pa. 538; Larimer & L. St. Ry. v. Lari-

mer Ry., 137 Pa. 533; Butler v. School Dist., 149 Pa. 351;
Harrisburg Ry. v. Harrisburg, 7 Pa. C. C. R. 584; L. C. & N. C.
v. Inter-County St. Ry., 167 Pa. 126; Waln v. Phila., 99 Pa.
337; Com. v. Buchanan, 6 Kulp, 217; Schenck v. Borough of
Olyphant, 181 Pa. 191.

A borough cannot make a contract to light its street for a
longer period than one year: McKeesport City v. Pass. Ry.
Co., 2 Pa. Superior Ct. 242; Black v. City of Chester, 175 Pa.
101; Crenshaw v. U. S., 134 U. S. 99; Mott v. Penna. R. R.,
30 Pa. 9; 1 Dillon on Municipal Corp. sec. 98.

*A. W. Schalck*, for the borough of Tamaqua.—The contract
did not require the sanction of an ordinance. A resolution duly
passed and proved was sufficient: Millvale Borough Case, 162
Pa. 374; Wilkes-Barre v. Wyoming Historical Society, 134 Pa.
616; Shaub v. Lancaster City, 156 Pa. 362.

The terms "ordinance," etc., are not essential,—a "resolution"
answers the same purpose: Com. v. Beaver Boro., 171 Pa. 542;
Buchanan v. Beaver Boro., 171 Pa. 567; Ake v. Mason, 101
Pa. 17; Silsby Mfg. Co. v. Allentown, 153 Pa. 319; Reuting
v. Titusville, 175 Pa. 520.

A municipality, like a trading or business corporation, unless
expressly prohibited by law or restricted by its charter, may
enter into any contract necessary to enable it to carry out the
powers conferred upon it: 15 Am. & Eng. Ency. of Law, 1080.

If no mode of entering into contracts is prescribed, valid con-
tracts within the scope of the corporate powers may be made,
just as natural persons may make like contracts: Dillon on
Municipal Corporations (4th ed.), sec. 307; Butler v. Passaic, 44
N. J. L. R. 171; Crawfordsville City v. Braden, 14 Lawyers
Rep. Ann. 273; Fisher v. South Williamsport, 1 Pa. Superior
Ct. 386; Water Co. v. Waymart Borough, 4 Pa. Superior Ct.
211.

*H. B. Græff*, for the Edison Electric Illuminating Co.—The
power to contract is incidental to the other powers of a bor-
ough: Trickett, Penna. Boro. Law, p. 224; Shaub v. Lancaster
City, 156 Pa. 365; Hummelstown Boro. v. Brunner, 17 Pa. C.
C. R. 140.

The borough authorities have the right to contract for more

than one year: Metropolitan Electric Light Co. v. Reading, 175 Pa. 107 ; Mott v. Penna. R. R., 30 Pa. 9.

OPINION BY MR. JUSTICE McCOLLUM, October 17, 1898:

On September 2, 1895, the borough of Tamaqua contracted with the Edison Electric Illuminating Company for the lighting of its streets for the term of five years, commencing on January 1, 1896. On January 27, 1896, a bill in equity was filed by Jacob R. Seitzinger praying, inter alia, that the borough be restrained by injunction from carrying out its contract with the company. To this bill the borough promptly prepared and filed a complete answer. The hearing on the rule for a preliminary injunction was on bill and answer and the rule was dismissed. The final hearing was also on bill and answer and resulted in the dismissal of the bill.

It is contended on the appeal from the decree dismissing the bill that it is not within the lawful power of the borough to enter into a contract for lighting its streets for a period of more than one year, and that even if it has such power, the vote to increase its indebtedness for the purpose of establishing an electric plant is a bar to the exercise of it. It is also claimed that if the above contention is overruled there is still another objection to the contract which is fatal to its validity. The objection is that the contract was not preceded by an ordinance, or by a resolution transcribed in the ordinance book and duly advertised. It is admitted, however, that the contract was preceded by a resolution which was "duly approved and signed by the chief burgess of the borough," and that it was entered into in pursuance of and in accordance with said resolution. The sufficiency of the resolution thus approved is not questioned by the appellant, and his only ground of attack upon it is the alleged omission to record it in the ordinance book and to duly advertise it. We have carefully examined and considered all the Pennsylvania cases cited by the appellant in support of his contention pertaining to the resolution, and have failed to discover in them any warrant for it. It is a contention which overlooks the fact that the passing by a borough council of a resolution awarding a contract for lighting streets is not a legislative, but a ministerial act "in the nature of a business transaction relating to the municipal affairs of the

borough:" Millvale Boro., 162 Pa. 374; Shaub v. Lancaster City, 156 Pa. 362; Straub v. City of Pittsburg, 138 Pa. 356; Howard v. Borough of Olyphant, 181 Pa. 191.

In Black v. Chester City, 175 Pa. 101, and in Metropolitan Electric Company v. City of Reading, 175 Pa. 107, the sole question raised was stated thus : " Has a city of the third class, incorporated under or governed by the Act of May 23, 1889, P. L. 277, the right to enter into a contract for lighting its streets for a term of five years ? " The decision of the question depended upon the construction of the act referred to in it. We held that such cities may lawfully make such a contract. As bearing on the question whether prior to the act of 1889 cities and boroughs, not expressly or by implication restricted to contracts for one year by the statutes under which they were incorporated or by other statutes applicable to the government of them, could lawfully enter into contracts for a term of years, we refer to City of Erie's Appeal, 91 Pa. 398, and Wade v. Oakmont Borough, 165 Pa. 479. In each of the cases cited the contract in question was for a term of years, and in each it was decided that " if the contracts of municipal corporations do not overreach their current revenues no objections can be lawfully made to them." We may add, as showing the trend or consensus of opinion on this subject, that in Metropolitan Electric Company v. City of Reading, supra, the learned counsel for the appellant presented a list of thirty-four cities and boroughs in Pennsylvania which had then entered into contracts for lighting the streets for terms exceeding one year, which list appears in 175 Pa. on page 109.

Our attention has been called to the decision in McKeesport City v. Railway Co., 2 Pa. Superior Ct. 242, as affording support to the appellant's contention in this case. We do not so interpret it. The suit was brought to recover license fees or taxes on street railway poles. It was based on an ordinance enacted by the select and common councils of the city, on August 8, 1892, and approved by the mayor on the fourth day thereafter. Under and by this ordinance the railway company was required to pay to the city an annual license tax of $1.00 for each pole erected or maintained by it on any of the city's highways. The company refused to pay the tax, thus imposed on the ground that under and by virtue of prior ordinances it

was exempted from such taxation for a period of fifteen years. The imposition of the tax was an exercise of the police power of the city, and this is a power of which a municipality cannot divest itself for any period of time by ordinance or contract. It follows that the ordinances under which exemption was claimed were not available as a defense to the suit on the ordinance imposing the tax, and so the court held. There is no analogy between ordinances and contracts in derogation of the police power of a city and ordinances and contracts relating to its business affairs. The ordinances under which exemption was claimed in McKeesport v. Railway Co., supra, were of the former class, while the contract in question in the case at bar is of the latter.

We agree with the learned court below that the vote to increase the indebtedness of the borough for the purpose of establishing an electric light plant there is not a bar to or impairment of its right to enter into a contract for lighting its streets, and that the contract in question cannot, in view of the uncontradicted answer to the bill, be regarded as improvident or opposed to the best interests of the community affected by it.

Decree affirmed and appeal dismissed at the cost of the appellant.