# Muncy Electric Light, Heat & Power Company *v.* Peoples' Electric Light, Heat & Power Company, Appellant.

*Boroughs—Lighting by electricity—Contract—Exclusive privilege—Electric light company—Equity—Acts of April 3, 1851, sec. 2, P. L. 320, May 8, 1889, P. L. 136, and May 20, 1891, P. L. 90.*

Under the Acts of April 3, 1851, sec. 2, P. L. 320, May 8, 1889, P. L. 136, and May 20, 1891, P. L. 90, a borough has the power to enter into a valid contract with an electric light company by which the latter is given the exclusive franchise for ten years to supply the borough and its inhabitants with electric light, with the right of the borough to purchase the company's plant at the end of the term, or failing that, to renew the term for another ten years; and equity has jurisdiction to prevent interference with the operation of such contract either by the borough, or by another electric light company claiming a franchise from the borough.

Argued March 19, 1907. Appeal, No. 114, Jan. T., 1907, by defendants, from decree of C. P. Lycoming Co., March T., 1907, No. 1, on bill in equity in case of the Muncy Electric Light, Heat & Power Company and Jennie A. Painter v. The Peoples' Electric Light, Heat & Power Company of Muncy, Pa., and the Burgess and Town Council of the Borough of Muncy. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and STEWART, JJ. Affirmed.

Bill in equity for an injunction.

The bill alleged that the Muncy Electric Light, Heat & Power Company was incorporated under the laws of the state of Pennsylvania in 1893, for the purpose of furnishing light, heat and power by electricity in the borough of Muncy, that by ordinance No. 89 of the borough of Muncy approved September 11, 1893, and the proposition referred to therein, said borough, for a valuable consideration, granted to the Muncy Electric Light, Heat and Power Company plaintiff, the exclusive right to erect poles and extend wires upon the highways of the borough; that nevertheless said borough on October 1, 1906, passed an ordinance granting to the Peoples' Electric Light, Heat and Power Company of Muncy, Pennsylvania, the right and power to erect and maintain poles, and extend its wires upon the highways of said borough for the purpose of supplying light, heat and power by means of electricity, to the borough and citizens of Muncy, and that in pursuance of such authority, said Peoples' Electric Light, Heat and Power Company were planting their poles and stringing their wires on the highways of the borough, and prayed for an injunction to restrain the Peoples' Electric Light, Heat and Power Company, defendant, from exercising its corporate functions within said borough.

The borough of Muncy and the Peoples' Electric Light, Heat and Power Company, defendants, filed a joint answer and denied that the borough of Muncy by virtue of said borough ordinance No. 89, dated September 11, 1893, or by any agreement, granted to the Muncy Electric Light, Heat and Power Company, plaintiff, the exclusive right to erect poles and extend its wires upon the public highways of the borough, or that any consideration for such exclusive right passed from said Muncy Electric Light, Heat and Power Company to said borough. The answer further averred that the Peoples' Electric Light, Heat and Power Company was duly chartered under the laws of the state of Pennsylvania on October 23, 1906, for the purpose of the manufacture and supply of light, heat and power or any of them by means of electricity to the public in the borough of Muncy; that by virtue of an ordinance of the burgess and town council of the borough of Muncy dated October 1, 1906, the Peoples' Electric Light, Heat and Power Company was authorized to erect its poles and extend its wires

upon the highways of said borough, and that said Peoples' Electric Light, Heat and Power Company was in good faith prosecuting its chartered privileges, when arrested by injunction.

The case was heard on bill, answer and proofs.

The court in an opinion by Hart, P. J., filed the following decree:

1. That the ordinance of the borough of Muncy, dated October 1, 1906, in so far as the same purports to grant to the Peoples' Electric Light, Heat and Power Company of Muncy, Pennsylvania, or to any person or persons in its behalf, authority to erect and maintain poles and extend electric wires through the streets, alleys and thoroughfares for the purpose of supplying light, heat and power by means of electricity to the borough and the citizens of Muncy and vicinity, is declared null and void.

2. That the Peoples' Electric Light, Heat and Power Company of Muncy, Pennsylvania, one of the defendants, is enjoined and restrained from erecting poles or extending electric light wires in the streets, alleys or thoroughfares of the borough of Muncy aforesaid, for the purpose of furnishing light, heat or power to the borough and citizens of Muncy, until September 11, 1913, the date of the expiration of the contract entered into between the said borough of Muncy and the Muncy Electric Light, Heat and Power Company of Muncy, Pennsylvania, dated September 11, 1893.

*Error assigned* amongst others was the decree of the court.

*William P. Beeber* and *John J. Reardon*, for appellants.— The borough had no right to grant an exclusive franchise to the plaintiff : Whelen's App., 1 Atl. Repr. 90 ; Meadville Nat. Gas Co. v. Meadville Fuel Gas Co., 1 Pa. C. C. Rep. 448 ; Home Electric Co., 11 Pa. C. C. Rep. 179 ; Freeport Water Works Co. v. Prager, 129 Pa. 605 ; Clarksburg Electric Light Co. v. Clarksburg, 47 W. Va. 739 (35 S. E. Repr. 994) ; Grand Rapids Electric Light & Power Co. v. Edison Electric Light & Fuel Gas Co., 33 Fed. Repr. 659.

*Seth T. McCormick*, for appellees.—There can be no doubt whatever that the borough of Muncy had the power to contract

for a supply of light for the borough and its inhabitants : Wade v. Oakmont Borough, 165 Pa. 479; Seitzinger v. Electric Illuminating Co., 187 Pa. 539 ; New Orleans Gas Light Co. v. Light, etc., Mfg. Co., 115 U. S. 650 (6 Sup. Ct. Repr. 252).

The principle that the grant of exclusive privilege is not prohibited by the constitution or void from being against public policy has been repeatedly affirmed by this court, in the case of water companies supplying water to the inhabitants of municipalities under legislative enactment authorizing the same:- White v. City of Meadville, 177 Pa. 643 ; Metzger v. Beaver Falls Borough, 178 Pa. 1 ; Wilson v. Borough of Rochester, 180 Pa. 509 ; Troy Water Co. v. Troy Borough, 200 Pa. 453 ; Penna. R. R. Co. v. Pass. Ry. Co., 167 Pa. 62; Allegheny v. St. Ry. Co., 159 Pa. 411; Erie v. Paskett, 14 Pa. Superior Ct. 400 ; City of Erie v. Griswold, 184 Pa. 435 ; Western Saving Fund Society v. Philadelphia, 31 Pa. 185 ; Baily v. Philadelphia, 184 Pa. 594 ; White v. City of Meadville, 177 Pa. 643.

A municipal ordinance of this kind is such a contract the impairment of which is forbidden by section 10 of article I of· the constitution : Potter County Water Co. v. Austin Borough, 206 Pa. 297; Des Moines St. Ry. Co. v. Des Moines, etc., St. Ry. Co., 73 Iowa, 513 (33 N. W. Repr. 610); Vincennes v. Citizens' Gas Light Co., 132 Ind. 114 (31 N. E. Repr. 573).

OPINION BY MR. CHIEF JUSTICE MITCHELL, June 25, 1907 :

By the general borough Act of April 3, 1851, sec. 2, P. L. 320, boroughs are empowered " to light the streets," and this has been expressly held to include the power to contract for lighting with electricity : Wade v. Oakmont Borough, 165 Pa. 479; Seitzinger v. Electric Illuminating Co., 187 Pa. 539.   In the former case the contract which was for seven years was sustained, though the stress of the attack on it was not made on the length of the time but on the increase of the borough debt. In the Seitzinger case it was expressly decided that the contract need not be limited to a single year.

By the Act of May 20, 1891, P. L. 90, boroughs have the further " right to manufacture electricity for commercial purposes for the supply and use of the inhabitants of said boroughs, and may introduce the arc or incandescent electric light or any other form or style of electricity that may be deemed

most expedient and desirable, and said boroughs may enact such ordinances as may be proper and necessary to introduce and supply the inhabitants of said boroughs who may desire to use said electricity," etc.

Under these two statutes there can be no question of the validity of the grant to the Muncy company of the franchise to erect poles and wires in the streets of the borough. Indeed, that is not questioned. But the proposition made to the borough council in behalf of the company was that the council should grant a franchise for ten years, with the right of the borough to purchase the plant at the end of the term, or failing that to renew the term for another ten years. The proposal further stated that "the franchise will consist of an ordinance granting the exclusive right of placing poles and wires upon all streets and alleys," etc. The council passed the desired ordinance and incorporated the exclusive feature in it by expressly enacting that "the proposal of the said Muncy Electric Light Heat and Power Company (a copy of which is hereto appended) is hereby declared to constitute a contract." There can be no doubt that this was a contract between the Muncy company and the borough, and that it must be treated on the same footing as a contract between individuals: Jolly v. Monaca Borough, 216 Pa. 345. But it is objected that the borough had no authority to make the franchise exclusive, and it is said that there is no decision in Pennsylvania sustaining such a grant without express legislative sanction. This, however, does not present any serious difficulty.

Both companies, parties to this litigation, were incorporated under the Act of May 8, 1889, P. L. 136, which provides that "No company which may be incorporated under the provisions of this act shall enter upon any street in any city or borough of this commonwealth until after the consent to such entry of the councils of the city or borough in which such street be located shall have been obtained." Neither company, therefore, had any rights in the streets except by the borough's consent. The borough was under no obligation to consent at all. It might have built its own light plant and refused all franchises to others. Or it might have granted a franchise on its own terms and conditions: Allegheny City v. Millville, etc., St. Ry. Co., 159 Pa. 411. And what the borough might do by itself it

might do by contract with others. That is what it did here. Instead of expending the public money in building a plant it accepted the offer of the appellee to build the plant in consideration of a franchise which was to be exclusive for ten years. It was a valid exercise of the borough's contractual power, on a valid consideration, and cannot now be rescinded directly or indirectly at the will of one party.

This is a clear case for equity jurisdiction. The breach of contract is undeniable and a suit at law would be an inadequate remedy for there could be no certain or satisfactory standard for the measure of damages.

Decree affirmed.