John K. Kelly *v.* J. D. Marshall et al., Appellants.

*Contracts—Commissions for sale of real estate.*

Plaintiff, who was not a real estate broker, solicited from defendants the privilege of offering for sale an oil property owned by defendants. Defendants agreed to the request, and a price was fixed upon the property, which at plaintiff's request was twice reduced. Failing to obtain a purchaser, he again requested that the price should be reduced. This was agreed to by defendants, but upon the express condition that the property should be sold on that day, otherwise it should be taken from plaintiff's hands and off the market. Plaintiff failed to make sale, and the property was taken off the market. Eleven days afterwards defendants sold the property to a person with whom plaintiff had opened negotiations, and from whom he had obtained an offer slightly less than that for which the property was sold. *Held,* that plaintiff was not entitled to recover commissions on the sale.

As the interest was an oil and gas leasehold, liable to sudden changes in value, time was of the highest importance in dealing with it, and presumably the essence of all contracts in relation to its sale: Vincent v. Oil Co., 165 Pa. 402, applied.

Argued Oct. 21, 1895. Appeal, No. 134, Oct. T., 1895, by defendants, from judgment of C. P. Butler Co., Dec. T., 1894, No. 59, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit to recover commissions for sale of oil property. Before GREER, P. J.

At the trial it appeared that plaintiff, a member of the bar, requested from defendants the privilege of offering for sale their oil and gas property. Defendants agreed to permit him to sell it, and the price was fixed at $70,000. Plaintiff was to receive $3,000 if he effected the sale. Subsequently at plaintiff's request the property was reduced first to $60,000, and then to $55,000. If the property was sold for the latter sum plaintiff was to receive $1,000 compensation. Subsequently plaintiff telegraphed Burke and Marshall, two of the defendants, to meet him at the Boyer Hotel, at Pittsburg. Burke and Marshall met him there, and he requested that the property be reduced to $52,500. This was agreed to on condition that the purchaser

pay for drilling a well, which had been drilled to the top of the gas sand and shut down until the negotiations had been closed, out of the price plaintiff was to receive $1,000. The further condition was added that the sale must be made that day or the property would be taken off the market and out of Mr. Kelly's hands. Mr. Little was brought to the hotel as the supposed purchaser. He refused to take the property at $52,500, and then the property was taken out of the hands of Mr. Kelly and off the market. Eleven days afterwards defendants sold the property to Little for $50,000. Little had previously offered plaintiff $47,500 for the property.

Defendants' point, among others, was as follows:

2. If the jury believe from the testimony that the defendants, in good faith, withdrew the property from the market, at the time referred to in the testimony, when the plaintiff, Burke and Marshall met at the Hotel Boyer, in Pittsburg, and that no sale of the property was made by the plaintiff before that time, he cannot recover. *Answer:* The answer to this point being: Refused. Unless the plaintiff was limited by express words in the contract he would have a reasonable time to make the sale, —this to be determined by the jury from the proofs and circumstances in the case. [2]

Verdict and judgment for plaintiff for $967.16. Defendants appealed.

*Error assigned*, amongst others, was above instruction, quoting it.

*J. D. Marshall, R. P. Scott* and *K. Marshall* with him, for appellants.—The fact that the property was afterwards sold to the same person brought to the hotel by Mr. Kelly, does not in itself entitle Kelly to recover: Earp v. Cummins, 54 Pa. 394.

While we do not know of any rule of law giving a real estate broker a reasonable time to sell property put into his hands, yet if it is the rule it cannot be applied to oil property: Vincent v. Woodland Oil Co., 165 Pa. 402.

*W. D. Brandon, John M. Thompson* and *W. C. Thompson*, with him, for appellee.—If Kelly performed the service upon an implied contract and defendant accepted his services, the plain-

tiff can recover : Masterton v. Masterton, 121 Pa. 605 ; Potts v. Aechternacht, 95 Pa. 138.

The mere introduction of the property to the buyer by an advertisement or by a sign upon the property is sufficient for a recovery of commissions : Jackson v. Carrick, 25 W. N. C. 132 ; Keys v. Johnson, 68 Pa. 42 ; Reed's Exr. v. Reed, 82 Pa. 420 ; Edwards v. Goldsmith, 16 Pa. 43.

The owner has it in his power either to make a time limit in his contract or to give notice a reasonable time beforehand of his intention to withdraw the property from the market : Vincent v. Woodland Oil Co., 165 Pa. 402.

OPINION BY MR. JUSTICE FELL, January 6, 1896 :

The plaintiff was authorized by the defendant, to sell for $70,000 an oil producing property on which there were a number of wells completed and one partly drilled.   Upon his representation that the price was too high it was afterward reduced to $60,000, then to $55,000, and finally to $52,500.   The last reduction was made about one month after the plaintiff's employment, with the understanding that unless the property was sold that day it would be withdrawn and his agency ended.   He did not succeed in obtaining a higher offer than $47,500.   This was declined by the defendants, and he was then notified that the property was withdrawn, and the parties to the negotiation separated and went to their homes, and the defendants resumed the drilling of the unfinished well, operations on which had been suspended during the negotiations.   Eleven days after this the defendants sold the property for $50,000, the purchaser being the same person with whom the plaintiff had opened negotiations and from whom he had obtained the offer of $47,500.

Upon the trial of an action brought by the plaintiff to recover commissions on the ground that he had brought the parties together and that his agency was the efficient cause of the sale, the jury was instructed that as there had been no time fixed by the original agreement within which a sale should be effected the plaintiff had a reasonable time within which to secure a purchaser, and that the defendants could not within that time revoke his agency and relieve themselves of liability to pay the commission agreed upon.   This instruction was repeated in the answers to the defendants' points, and is the subject of five of the assignments of error.

The plaintiff was not a real estate broker, he did not have charge of the property, his agency was not coupled with an interest or founded upon a consideration. He had solicited the privilege of offering the property for sale; at his suggestion the price had been three times reduced, and finally after a month of fruitless effort upon his part a time limit within which a sale should be effected was fixed. The reason for withdrawing the property was stated to him. In the judgment of the owners its salable value was being injured by its repeated offers in a limited market, and was certain to be affected by the result of other enterprises in the locality, and the defendants were delayed in the development of their own property by the suspension of operations on their unfinished well pending the negotiations for sale. The interest was a leasehold, liable to sudden changes in value, and the character of the property was such that time was of the highest importance in dealing with it, and presumably the essence of all contracts in relation to its sale. The remarks of MITCHELL, J., in the opinion of the Court in Vincent v. Oil Co., 165 Pa. 402, have direct application to this case: "The nature of the property as oil producing made it liable to fluctuate in value, which raises the presumption that time was of the essence of transactions concerning it, and the facts in regard to the wells in the immediate vicinity then going down show that a new development at any time might materially affect its value, and that this was understood by the parties."

Under the facts and circumstances as shown by the testimony we think it was the right of the defendants to revoke the plaintiff's agency in the manner and at the time at which they did so. Whether the revocation of the agency was made in good faith or was a mere subterfuge to relieve the defendants from the payment of commissions was an open question at the trial, and was for the jury. It may appear that the plaintiff, if not entitled to commissions as such, could still recover compensation for services rendered before the revocation of his agency: Jaekel v. Caldwell, 156 Pa. 266; Vincent v. Oil Co., supra. But the case was not tried upon that line.

The second, third, fourth and fifth assignments of error are sustained and the judgment is reversed with a venire de novo.