## Black *v.* Pentony, Appellant.

*Principal and agent—Commissions—Liquor license.*

An owner of a liquor license agreed to pay a certain amount in commissions to an agent if the latter would procure a purchaser for the license. The agreement was conditioned upon the approval by the license court of a transfer of the license to the proposed purchaser. The agent produced a purchaser, but the owner of the license refused to make the sale, and refused to pay the commissions. *Held,* that the owner of the license was liable for nominal damages only if he refused for a good reason to make the sale, but that he was liable for the whole commissions if his action in refusing to make the sale was in bad faith.

Argued Oct. 12, 1905. Appeal, No. 168, Oct. T., 1905, by defendant, from judgment of C. P. No. 5, Phila. Co., June T., 1903, No. 2951, on verdict for plaintiff in case of Robert Black v. Joseph Pentony and Patrick McCabe, trading as Pentony & McCabe. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit for commissions. Before DAVIS, J.

The facts are stated in the opinion of the Superior Court.

The defendant presented the following points:

2. If you believe that Kernan offered to pay $25,000 cash for defendants' license and business before defendants had withdrawn their offer to sell at that figure, then the plaintiff can recover only nominal damages, because, according to the plaintiff's own statement of claim filed in this suit, Kernan was " prepared to pay $25,000 in cash for the purpose of purchasing the said license and business so soon as the transfer would be allowed." It is not within the province of the jury to guess what action would be taken by the license court in the matter. *Answer :* If, instead of calling off this deal, the purchaser had accepted it, and the license court had refused to transfer the license from Pentony & McCabe to Kernan, that would have been an end of the matter and the plaintiff could not claim his commission. If, however, the defendants called off the deal after the plaintiff had secured a purchaser, without ascertaining whether the license court would transfer the license or not, the case would be different. I shall have to decline that point. [2]

3. According to the plaintiff's own statement of claim the payment by Kernan of the $25,000 cash for the defendants' license and business was subject to a condition subsequent, to wit: the allowance by the license court of the transfer from defendants to Kernan. In order, therefore, for the plaintiff here to recover you would have to guess what action the license court would take in the matter, and that you are not permitted to do and you will therefore bring in a verdict for the defendants. *Answer:* I reply to that as to the other point, that if the deal had gone on and the license court had refused to transfer the license, there would have been no liability upon the part of the defendants to the plaintiff, because the contract was conditional, but if they called the deal off before they ascertained what the license court would do in the matter, they could not, by doing so, affect whatever rights the plaintiff had in the transaction. I decline that point. [3]

1. If you believe that Kernan did not offer to pay $25,000 cash for the defendants' license and business prior to the time that Kernan was informed that defendants would not sell, then the plaintiff cannot recover in this suit. - *Answer:* As to that I say to you that if the rights of the plaintiff were fixed before the deal was called off, the subsequent calling off of the deal could not affect those rights. If he had earned the money the defendants could not, by calling off the deal with Kernan, relieve themselves of their liability to him, the plaintiff. [5]

Verdict and judgment for plaintiff for $1,112. Defendant appealed.

*Errors assigned* were (2, 3–5) above instructions, quoting them.

*Daniel C. Donoghue,* for appellant, cited: Cronin v. Sharp, 16 Pa. Superior Ct. 76 ; Vincent v. Oil Co., 165 Pa. 402.

*William C. Gross,* with him *Harry I. Heistand,* for appellee.

OPINION BY ORLADY, J., January 13, 1906 :

The plaintiff is a salesman for a firm of wholesale liquor dealers, and was promised by the defendants, who are licensed retail liquor dealers, that they would pay him $1,000 if he

would procure a purchaser of their license and business at the sum of $25,000. The plaintiff produced John J. Kernan, who expressed a willingness to pay the price exacted, when a controversy arose as to the terms and manner of payment; the defendants then notified the plaintiff and Kernan that the sale or deal was off, and refused to consider the proposition any further. This suit was brought to recover the commission with interest, as averred in the statement, " for the services rendered in procuring a purchaser prepared to pay $25,000 in cash for said license and business, as soon as the transfer of the license would be allowed by the license court." It is conceded that this executory contract was conditioned upon the approval by the license court of an application to be made by the defendants to have their liquor license transferred to the proposed purchaser, and further, that if the defendants had made such an application, and the court had refused to transfer the license the defendants would not be liable in any sum to the plaintiff.

The defense was that the modification of the terms as proposed by Kernan, and the impossibility of knowing what action the license court would take if the defendants had proceeded to test it with an application for a transfer of the license, made them liable for no more than nominal damages. The court submitted the case to the jury on the theory that the plaintiff was entitled to recover the whole of the commission as such, or none, saying in substance : " If the defendants called off the deal after the plaintiff secured a purchaser, without ascertaining whether the license court would transfer the license or not, the subsequent calling off the deal would not affect his right, or relieve themselves of their liability to him."

The agreement was entered into with the knowledge that its subject-matter did not have any market value, and with the understanding that its consummation depended upon a condition over which neither party had any control, nor in regard to which they could make a valid contract. The defendants were not bound to accept any purchaser who might be proffered by the plaintiff, and had a right to withdraw from the contract subject to their liability to him. If they withdrew for a good reason, as explained in Cronin v. Sharp, 16 Pa. Superior Ct. 76, they would be liable for nominal damages only. However, if they did not act in good faith and withdrew from the trans-

action as a mere subterfuge in order to secure a higher price, or to relieve themselves from the payment of the plaintiff's claim, he was entitled to proper compensation for his time, labor and expenses incurred in good faith in the defendants' interest: Vincent v. Oil Co., 165 Pa. 402; Kelly v. Marshall, 172 Pa. 396.

This view of the subject sustains the objections to the answers to the defendants' points, as embraced in the second, third and fifth assignments of error.

The judgment is reversed and a venire facias de novo awarded.

RICE, P. J., dissents.