## Miller, Appellant, *v.* Shimer.

*Real estate—Sale—Broker's commissions—Issue of fact—Case for jury.*

In an action for commissions earned in the sale of real estate, it is reversible error to enter judgment of nonsuit, where plaintiff proved that he had procured a purchaser for defendant's property in accordance with the latter's instructions, and that the defendant had refused to sign the articles of agreement, without giving any reasons therefor.

Where the vendor does not act in good faith and withdraws from the transaction as a mere subterfuge in order to secure a higher price, or to relieve himself from the payment of the plaintiff's claim, the latter is entitled to proper compensation for his time, labor and expenses incurred in good faith in the defendant's interests.

Argued December 10, 1923. Appeal, No. 296, Oct. T., 1923, by plaintiff, from judgment of Municipal Court of Phila. Co., March T., 1922, No. 869, refusing to strike off judgment of nonsuit in the case of Frank J. Miller v. J. Myron Shimer. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit for commissions earned in the sale of real estate. Before GORMAN, J.

The facts are stated in the opinion of the Superior Court.

The court entered judgment of nonsuit, which it subsequently refused to strike off. Plaintiff appealed.

*Error assigned* was the decree of the court.

*John P. Boland,* for appellant.—An owner of real estate who employs a broker to sell his property cannot arbitrarily refuse to accept a purchaser ready and willing to buy at the owner's terms and thereby defeat the

agent's claim for commission: Black v. Pentony, 30 Pa. Superior Ct. 38; Vincent v. Oil Co., 165 Pa. 402; Kelly v. Marshall, 172 Pa. 396; Miller v. Kenneck, 20 D. R. 706; Lowenstein v. McPeak, 48 Pa. Superior Ct. 282; Pratt v. Patterson's Executors, 112 Pa. 475.

*C. Wilfred Conard,* for appellee.—Where an agent seeks to recover a commission in the sale of real estate he must show that he has produced a buyer ready and willing to buy on the seller's terms: Thompson v. Goldman, 41 Pa. Superior Ct. 209; Turner v. Baker, 225 Pa. 359; McDonald v. Kimmell, 70 Pa. Superior Ct. 282.

OPINION BY TREXLER, J., February 29, 1924:

This was a suit for recovery of commissions on the sale of real estate. The court entered a nonsuit. The plaintiff showed that in a conversation he had with the defendant, the defendant promised that if he could procure $7,700 for a property at 242 East Allegheny Avenue, Philadelphia, he would allow him a commission of $200. They agreed that the question of the time for possession should be left open. In pursuance of these instructions he secured a purchaser for the property at the price named and received a deposit of $500 to bind the bargain. He entered into an agreement of sale with the purchaser on behalf of the defendant, and in said agreement set out that it was to be subject to the approval of the owner of the property. He went to the vendor with the agreement and the $500 and the vendor without expressing objection to any of the terms of the contract, or, in fact, even reading it, dismissed the plaintiff and would have no further conversation with him. He gave no reason why he would not sell the property. The court held in Black v. Pentony, 30 Pa. Superior Ct. 38, that where the vendor "did not act in good faith and withdrew from the transaction as a mere subterfuge in order to secure a higher price, or to relieve himself from the payment of the plaintiff's claim, he was entitled to proper

compensation for his time, labor and expenses incurred in good faith in the defendant's interest." If the jury would find that the defendant acted in bad faith and that the transaction failed because of his default, he would be liable to pay the commissions promised: Mearkle & Bros. v. Kellerman, 82 Pa. Superior Ct. 11. The plaintiff procured a customer at the price fixed by the defendant. If the parties could not come to terms the plaintiff would not be entitled to commissions, but we do not know what the outcome would have been, although the evidence seems to indicate that the purchaser was willing to wait for the possession of the property and was willing to accede to any reasonable terms which the vendor would ask. The agreement submitted to the vendor, which he did not even read, was the ordinary agreement used in such transactions. Assuming, as we must, that the plaintiff's story is true, the defendant summarily withdrew from the transaction without giving any reason and without putting the purchaser to the test as to whether he would comply with such conditions as the vendor wished to make with the sale of the property. We all agree the nonsuit should not have been entered.

The judgment is reversed with a venire.