## Schreibstein *v.* Cohen, Appellant.

*Real estate brokers—Commissions—Evidence—Sufficiency.*

In an action for commissions earned in the sale of real estate, the case is for the jury and a verdict for the plaintiff will be sustained.

where the evidence, although contradicted, established that the plaintiff had procured a purchaser for the property at a price named by the defendant, who subsequently refused to convey at that figure.

As nothing was said about the conditions under which the property should be conveyed, it was only necessary for the plaintiff to produce a purchaser who was willing to contract upon reasonable conditions, such as are usual in transactions of that nature. If the conditions embodied in the contract of sale which the plaintiff delivered to the defendant were unsatisfactory it was the duty of the latter to promptly notify the plaintiff, in order that he might further consult with the proposed purchaser. The defendant not having made any objection to the form of the written contract or the conditions therein embodied, and not having at the trial made any attempt to show that the details of the covenant were unreasonable, but, on the contrary, having refused to sell the property at the price at which he had authorized the plaintiff to secure a purchaser, was not in position to refuse to pay the plaintiff for the services rendered.

Argued October 19, 1926. Appeal No. 116, October T., 1926, by defendant from judgment of the Municipal Court of Philadelphia County, August T., 1924, No. 144, in the case of Simon C. Schreibstein v. Louis Cohen. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit for Commissions on sale of real estate. Before CRANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,206.33, and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence and refusal of defendant's motion for judgment non obstante veredicto.

*William C. Schwebel,* for appellant.—A broker is entitled to his commission when he procures a purchaser with whom the owner is satisfied and who deals on terms satisfactory to the owner: McDonald v. Kimmell,

70 Pa. Superior Ct., 282; Hipple v. Laird, 189 Pa. 472; Holmes v. Neafie, 151 Pa. 392; Aber v. Pa. Co. for Ins. on Lives, 269 Pa., 384; Irons v. Snyder, 49 Pa. Superior Ct., 522.

*Sylvan H. Hirsch,* and with him *Sundheim, Folz & Kun,* for appellee, cited: Schamberg v. Kahn, 279 Pa., 477; Mearkle v. Kellerman, 82 Pa. Superior Ct., 11; Thompson v. Goldman, 41 Pa. Superior Ct., 209; Campbell v. Wade, 83 Pa. Superior Ct., 415; Leiberman v. Colahan, 267 Pa. 102; Middleton v. Thompson, 163 Pa. 112.

OPINION BY PORTER, P. J., December 10, 1926:

This is an action by a real estate broker to recover of the defendant commissions alleged to have been earned by procuring a purchaser for two properties owned by defendant. The plaintiff recovered a verdict and judgment in the court below and the appeal is by the defendant. The appellant presents three assignments of error: (1) The refusal of the court to give binding instructions in favor of the defendant; (2) The dismissal of the motion of the defendant for judgment in his favor notwithstanding the verdict; and (3) The refusal of the motion of defendant for a new trial.

The plaintiff produced evidence which, if believed, warranted a finding of the following facts: the defendant employed the plaintiff to sell two properties for the sum of $44,000, for which purchase money he agreed to accept mortgages of $15,000 on each of the properties and agreed to pay the plaintiff 2½% on the purchase money in case he secured a purchaser. The plaintiff secured an offer from two men who were willing jointly to purchase both properties, the conveyance to be made by the defendant to a straw man, and one of the proposed purchasers gave to the plaintiff his check for $1000, upon which the plaintiff col-

lected that amount. The plaintiff communicated to the defendant the names of the prospective purchasers and the fact that they proposed to take title through a straw man, to which the defendant replied: "I have no objections so long as you produce me the $44,000." The proposed purchasers prepared a written agreement, to be executed by the straw man on their behalf and by the defendant, under the covenants of which agreement the defendant agreed to sell and convey the two properties for $44,000 and accept in payment of the purchase money first mortgages for $15,000 on each of the properties and the straw man covenanted to pay $1000 in cash upon the execution of the agreement and the other $13,000, the balance of the purchase money, at the settlement, which was to be made within ninety days from the execution of the agreement. The straw man, Grater, duly signed the agreement and the plaintiff then took the same and delivered it, together with his check for $1000, to the defendant. Upon receiving the agreement and check the defendant said "Good boy." "Do you mind coming back to-morrow, to-morrow morning, and in the meantime I am going down-town; I am going to see my attorney to look after the agreement of sale and see if it is properly executed." The plaintiff called repeatedly at the home of the defendant during the following days, but did not succeed in finding him until five days had elapsed. When plaintiff did, on the fifth day, find the defendant, the latter made no objection to the terms of the written agreement which had been left in his custody. The defendant then said "I will tell you, I have not signed the agreement of sale as yet." When the plaintiff pointedly asked him why he had not done so the reply of the defendant was "Because I will tell you if you have already succeeded in getting $44,000, you surely can go ahead and get the purchasers to pay $2000 more." After some further conversation, in which the plaintiff told the defendant that he did

not think the people would pay $2000 more, the defend-
ant said: "If that is the case, I want $2000 more, and
if you can't get it, here is your agreement of sale and
here is your check."

This testimony certainly warranted a finding that
the defendant had employed the plaintiff and had
agreed to pay him a commission in case he succeeded
in obtaining purchasers for the properties at the price
of $44,000, $30,000 of which was to be paid by first
mortgages upon the properties and the balance in
cash. The plaintiff frankly disclosed to the defendant
the names of the prospective purchasers and the de-
fendant had acquiesced in the arrangement to make
the conveyance through a straw man. The defendant
now contends that even if the testimony produced by
the plaintiff is true it did not constitute an enforce-
able agreement, for the reason that it did not
state the details of the transaction through which
the conveyance was to be effected, such as the
amount of the deposit money to be paid, time of settle-
ment, delivery of possession, &c. This contention is
without merit. If the defendant had wished to exact
a definite amount of deposit money, or to insist that
delivery of possession should be postponed, or that
settlement should take place within a definite time
after the execution of the agreement of sale he ought
to have embodied those conditions in his contract of
employment of the plaintiff. As nothing was said
about such conditions, it was only necessary for the
plaintiff to produce a purchaser who was willing to
contract upon reasonable conditions, such as are usual
in transactions of that nature. If the conditions em-
bodied in the contract which the plaintiff delivered to
the defendant were unsatisfactory it was his duty to
promptly notify the plaintiff, in order that the latter
might further consult with the proposed purchasers.
The defendant not having made any objection to the

form of the written contract or the conditions therein embodied, and not having at the trial made any attempt to show that the details of the covenant were unreasonable, but on the contrary, having refused to sell the property at the price at which he had authorized the plaintiff to secure a purchaser, is not now in position to refuse to pay the plaintiff for the services rendered. In considering the first and second assignments of error the evidence is to be viewed in the light most favorable to the plaintiff and he is entitled to the benefit of any reasonable inferences therefrom to be drawn. The defendant was not entitled to binding instruction to the jury in his favor and his motion for judgment non obstante veredicto was properly dismissed: Middleton v. Thompson, 163 Pa. 112; Schamberg v. Kahn, 279 Pa. 477; Miller v. Shimer, 82 Pa. Superior Ct. 556. The evidence in this case was conflicting. The defendant denied that he had ever employed the plaintiff or agreed to pay him a commission. He denied that the plaintiff had ever delivered into his hands a check or a written agreement for the sale of the property upon any terms whatever. The conflict of evidence was for the jury and we find nothing in the case which would have warranted us in holding that the court below was guilty of an abuse of discretion in refusing a new trial. All the assignments of error are overruled.

The judgment is affirmed.