W. Hagenlocher & Co. *v.* Walker, Appellant.

Argued April 11, 1934. Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Frank B. Quinn,* and with him *Charles H. English* of *English, Leemhuis and Tayntor,* for appellant.

*J. Reed Craig,* and with him *C. Arthur Blass* of *Craig & Blass,* for appellee.

OPINION BY BALDRIGE, J., July 13, 1934:

This action in assumpsit was brought by the plaintiff, a real estate and brokerage company, to recover from the defendant commissions alleged to be due for procuring a purchaser for certain real estate. This appeal followed from an entry of judgment in favor of plaintiff.

The evidence establishes that the defendant agreed to pay plaintiff a commission if it sold, for an approved consideration and upon satisfactory terms, a certain property he owned. The plaintiff, through William Hagenlocher, its manager, interested a prospective purchaser named Fulgenzo. After Fulgenzo had inspected the property, Walker, Hagenlocher and Fulgenzo met at the latter's home. Fulgenzo refused to pay $19,000, the sum asked by the owner. Further negotiations were had, and, according to Hagenlocher's testimony, Walker finally agreed to take $18,500, and this offer Fulgenzo accepted. Hagenlocher stated that he prepared an agreement that same evening, had it executed by Fulgenzo, and presented it to Walker the next morning, together with Fulgenzo's check for $500, payable to his (Hagenlocher's) order. Walker

refused to sign the agreement, denying that he had consented to the consideration or terms therein mentioned.

This purported agreement, admitted in evidence over objection, contained the following clause: "$500 cash on signing of this agreement, receipt whereof is hereby acknowledged same to be held by Wm. Hagenlocher & Co., agent of the first party." It is true that Hagenlocher, in answer to a question whether the agreement embodied all the terms and conditions under which Walker agreed to sell this property to Fulgenzo, said: "Yes, sir." When this witness was testifying as to what was said and orally agreed upon, and that is all he was warranted in putting in the writing, he stated specifically, on both direct and cross-examination, that $500 was to be paid in cash, but he did not mention that the cash payment was to be by a check payable to his order. To this same effect was the testimony of Fulgenzo. The payment of the money to him was, therefore, at variance with the terms orally agreed upon.

The plaintiff, in its statement of claim, sought to recover three per cent of $18,500, amounting to $555. The written agreement provided that Walker was to add 2½ feet to the garage, but Hagenlocher testified that, under the oral agreement, he, not Walker, was to pay for the extension to the garage, amounting to $125. Thus, according to plaintiff's testimony, the written agreement, in that respect, did not embody the correct terms and conditions alleged to have been orally agreed upon. The defendant then would have owed the plaintiff $430, and not $555 sued for.

Hagenlocher, as broker, employed to sell the property, had no inherent authority to receive or retain any portion of the purchase money: 9 C. J. pp. 671, 672. If he had such authority, it was incumbent upon him, before he was entitled to recover commissions, to

establish clearly, by evidence, not only that fact (O'Toole v. Escher, 47 Pa. Superior Ct. 272, 276), but also that he had procured a purchaser who was ready and willing to comply strictly with all the terms and conditions of the sale without any change or modification: Trainer v. Fort, 310 Pa. 570, 583, 165 A. 232; Wilson et al. v. McKee & McDanel, 110 Pa. Superior Ct. 544, 168 A. 341.

The case of Schreibstein v. Cohen, 89 Pa. Superior Ct. 252, cited by the appellee in its supplemental brief, is readily distinguished from the case at bar. There, the jury were amply warranted in finding the owner of the property guilty of bad faith, as he had expressly agreed to sell his property for $44,000, $1,000 of which was to be paid upon the execution of the agreement. The agreement was duly executed by the purchaser and the $1,000 check delivered to and accepted by the owner who made no objection to the other terms in the written agreement until five days later when he insisted that the purchaser pay $46,000.

Taking into consideration the testimony of the plaintiff as to the specific terms alleged to have been agreed upon orally, which were altered in the written agreement and not accepted by defendant, the proof did not plainly establish a binding contract such as the law requires.

Judgment of the lower court is reversed, and is now entered in favor of defendant.