## Lansdowne *v.* Citizens Electric Light and Power Company, Appellant.

*Boroughs—Ordinance—Resolution—Electric lighting—Electric light company—Contract—Estoppel.*

Where an electric light company makes an offer to a borough for the public lighting, stipulating the time within which the offer is to be accepted, and the borough accepts the offer before the expiration of the time specified, and thereafter the company takes certain steps as if to carry out the contract, the company is bound by a valid contract with the borough; and it is immaterial that the borough between the date of the offer and the time of the acceptance advertised and received bids for the public lighting.

If an ordinance of a borough authorizes the borough council to make contracts for the lighting of the borough, the action of council in accepting a bid is merely ministerial, and not such an enactment, regulation, general law or ordinance as must be recorded in the borough ordinance book and advertised under the Act of April 3, 1851, P. L. 320, or the Act of May 23, 1893, P. L. 113. If objection is made that the resolution accepting the bid was not valid because there was no ordinance authorizing the contract, the burden is upon the person making the objection to prove the non-existence of the ordinance.

Where a resolution of a borough council accepting the bid of an electric light company contemplates the execution of a formal contract, and

the company sends a form of agreement acceptable to the borough solicitor, and the latter promptly prepares the agreement as desired by the company and delivers it to the general manager of the company, the agreement is binding upon the company, although not executed by it.

Argued Feb. 9, 1903. Appeal, No. 70, Jan. T., 1902, by defendant, from judgment of C. P. Delaware Co., Dec. T., 1899, No. 170, on verdict for plaintiff in case of Lansdowne Borough v. Citizens' Electric Light & Power Company. Before MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit on a contract for lighting a borough.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,300. Defendant appealed.

*Errors assigned* were various rulings on evidence and instructions.

*J. B. Hannum,* for appellant, cited Jones v. Schuylkill Light, Heat & Power Co., 202 Pa. 164; Com. ex rel. Pa. Globe Gas Light Co. v. Buchanan., 6 Kulp, 217; Waln v. Philadelphia, 99 Pa. 330; Fuller v. Scranton, 2 Cent. Repr. 788; Kepner v. Com., 40 Pa. 124; Orr's App., 67 Pa. 195; Brown v. Finney, 53 Pa. 373.

*Lewis Lawrence Smith,* with him *Fred. Taylor Pusey,* for appellee, cited: Seitzinger v. Edison Electric Co., 187 Pa. 539; Ephrata Water Co. v. Ephrata Borough, 16 Pa. Super. Ct. 484; Sandy Lake Boro. v. Gas Co., 16 Pa. Superior Ct. 232; Amberson Ave., 179 Pa. 634; Shiloh Street, 165 Pa. 386; Harrisburg v. Shepler, 7 Pa. Superior Ct. 491; Grier v. Homestead Borough, 6 Pa. Superior Ct. 542; Ridley Park v. Citziens' Electric Light & Power Co., 9 Pa. Superior Ct., 615.

OPINION BY MR. JUSTICE BROWN, May 18, 1903:

On July 7, 1899, the Citizens' Electric Light and Power Company submitted a written proposal to the borough of Lansdowne to light the town for a term of five years for $6.00 per lamp per year. The proposal was to be good until the 30th of the following September. The next day, July 8,

the borough advertised for bids for lighting, and, on July 14, the appellant and the Lansdowne Electric Company each submitted a bid, the former offering to furnish light at $8.00 per lamp per year for five years, and the latter at $13.00 per lamp per year for the same period. Neither of these bids was accepted, and, on July 18, by a resolution of the council of the borough, the contract for lighting was awarded to the appellant at its bid of July 7. On July 22 the company was notified of the borough's acceptance of its bid. The proposal of July 7 by the appellant and the acceptance of it on July 18 by the appellee formed what the latter alleges is the contract for the breach of which it is entitled to recover damages.

The first contention of the appellant is, that, as the borough advertised for bids on July 8—a day after its bid had been submitted—and, on July 14, received bids from it, and the Lansdowne Electric Company, it cannot now be held by the borough to its bid of July 7. At any time after the bid of July 7 was made the appellant could have withdrawn it: Vincent v. Woodland Oil Co., 165 Pa. 402 ; but, until withdrawn, it was open to acceptance by the borough until September 30. In the meantime it was the right of the borough to inform itself by advertising for bids, or in any other way, whether it ought to accept the appellant's bid of July 7. By taking steps to so inform itself, the appellant was not prejudiced, and, if it was not satisfied with the course pursued by the borough in advertising for bids, it had the right to withdraw its proposal. But it did not do so, and it did not regard the borough's advertisement for proposals as a refusal to entertain its bid. On the contrary, its conduct from July 22—the day it was notified that its bid had been accepted—down almost to the last day of September, clearly indicates that it not only had not withdrawn its proposal, nor intended to do so, but had regarded the same as accepted by the borough and binding upon it. It located the poles on the streets, and, on September 20, returned to the borough a draft of the contract which had been prepared by the borough solicitor and sent to it, and in which it made certain changes. The statement of the general manager of the company, in the letter returning the paper, was : " Find herewith contract with changes made, which leaves it acceptable to us. Please hurry the contract so that there will be no time lost

in furnishing you with light.   Contract with changes as noted
has been approved by our vice-president."   As appellant is es-
topped from making its first objection, nothing further need
be said about it.

The second reason assigned by the appellant why it is not
liable to the appellee is, that, as there was no ordinance in ex-
istence providing for the lighting of the borough and author-
izing the making of contracts from year to year, or at stated
periods, its bid for lighting the streets, accepted by a resolution
of council which was signed by the burgess, but not recorded
and advertised, did not establish a contract between them.   If
there was an ordinance authorizing the council to make con-
tracts for the lighting of the borough, the action of council in
accepting the bid of appellant was merely ministerial, and not
such an enactment, regulation, general law or ordinance as must
be recorded in the borough ordinance book and advertised
under the Act of April 3, 1851, P. L. 320, or the Act of
May 23, 1893, P. L. 113.   If the resolution was purely minis-
terial, then, as was said in Seitzinger v. Edison Electric Com-
pany, 187 Pa. 539, the "only ground of attack upon it is the
alleged omission to record it in the ordinance book and to duly
advertise it.   We have carefully examined and considered all
the Pennsylvania cases cited by the appellant in support of his
contention pertaining to the resolution, and have failed to dis-
cover in them any warrant for it.   It is a contention which
overlooks the fact that the passing by a borough council of a
resolution awarding a contract for lighting streets is not a leg-
islative, but a ministerial act ' in the nature of a business trans-
action relating to municipal affairs of the borough : '  Millvale
Boro., 162 Pa. 374; Shaub v. Lancaster City, 156 Pa. 362 ;
Straub v. City of Pittsburg, 138 Pa. 356 ; Howard v. Borough
of Olyphant, 181 Pa. 191."   A different rule is not found in
Jones v. Schuylkill Light, Heat & Power Company, 202 Pa.
164.   But, even if the appellant, as one of the parties to the con-
tract, could question the validity of the resolution (which we
need not decide) because it had not been passed in pursuance
of a general ordinance, there was no proof of the non-existence
of such an ordinance.   The assault upon the resolution is made
by the defendant as a technical defense to the borough's claim,
founded on a contract apparently regularly entered into, and

the burden was upon it to show affirmatively wherein the resolution was invalid : Prell v. McDonald, 7 Kan. 426 ; City of Atchison v. King, 9 Kan. 550. The assignments in support of the second objection are dismissed.

It is clear that the resolution of July 18 contemplated the execution of a formal contract in writing between the borough and the light company, and, if it was not executed because there was a dispute between the parties to it as to the terms and conditions to be incorporated in it, or the borough's officers wilfully refused to sign it, the appellant's third and last reason why it should not pay for its default might prevail. There had been a dispute as to what some of the terms and details of the written contract should be, but finally there was a distinct understanding as to just how the agreement should be written. The company, through Samuel Haigh, its general manager, on September 20, 1899, sent to the borough solicitor the form of an agreement, as already stated, which was acceptable to him. The borough solicitor promptly prepared the agreement with the changes in it desired by the company, and, in a day or two, it was delivered to Mr. Haigh the general manager, but it was not executed by his company. And yet because it was not executed is one of the reasons now given by the company for not being bound by it. When the copy, with the changes made in it, was sent by the appellant to the borough solicitor, it was the final proposal of the company, and, when it was accepted by the borough in the exact form that the company wished, it became the agreement between them, no longer open to objection or exception, which the general manager wished to make when he met a representative of the borough at the Union League. As the case was properly tried and submitted to the jury, we need say nothing more than that the judgment on the verdict is affirmed.