## Kolb, Appellant, *v.* Tamaqua Borough.

*Boroughs — Ordinance — Resolution — Contract — Equity — Municipalities.*

On a taxpayers' bill to set aside a borough contract as illegal because the resolution awarding the contract had not been submitted to the chief burgess, the burden is upon the complainants to show that there was no valid ordinance authorizing the contract, and if they fail to show this the bill will be dismissed.

If the resolution awarding the contract was in pursuance of an ordinance regularly adopted, it did not require any action on the part of the chief burgess to make it valid.

An enactment by council, no matter what it is called in the minutes and elsewhere, whether ordinance, resolution or motion, which provides for the permanent regulation by the government of the borough, or the creation of liability by contract, and which is approved by the chief burgess and otherwise regular, is legislative.

Argued Feb. 19, 1907. Appeal, No. 381, Jan. T., 1906, by plaintiffs, from decree of C. P. Schuylkill Co., Jan. T., 1906,

No. 2, dismissing bill in equity in case of George Kolb and William Williams v. Burgess and Town Council of the Borough of Tamaqua et al.   Before MITCHELL, C. J., FELL, BROWN, POTTER and STEWART, JJ.   Affirmed.

Bill in equity to declare invalid a borough contract, and for an injunction.

BECHTEL, P. J., filed the following opinion:

·In substance the bill charged that the council, by resolution of December 6, 1904, instructed the president and secretary to advertise for proposals for street lighting, and that said resolution was not signed by the chief burgess of the borough.   That proposals were invited, and council accepted the bid of Shepp and McGinty at $60.00 for open arc lights, by resolution, and by resolution ordered a contract to be drawn, and that these resolutions were never presented to the chief burgess for his approval.   That by resolution the president and secretary were instructed to execute a contract with Shepp and McGinty, that said contract, but not the resolution directing the execution, was presented to the burgess for approval.   That at the same meeting, January 3, 1905, an ordinance was adopted which was approved by the burgess, giving said parties power to erect poles and appliances necessary to furnish electricity. That on July 4, Shepp and McGinty reported that the Edison company was agent in Tamaqua for the open arc light and it was impossible for them to furnish them; the council, by resolution, agreed to accept inclosed arc lights at a reduction of $1.00 a lamp.   That said resolution was not signed by the burgess or submitted to him.   That by special meeting of council it approved of the bond of the contractors and of the contract, and said resolution was not presented to the burgess for approval.   That the burgess returned the contract and bond on July 11, 1905, stating it was no part of his duty to approve thereof.   That the contract is not legal, not being signed by the burgess.   That the contract is an improvident one, being for ten years.   That a corrupt arrangement or agreement existed to obtain the vote of one of the councilmen in favor of said contract.

The answer covered the charges of the bill, it denied the

passages of the resolutions mentioned above, and asserted they were mere motions and mere ministerial acts, and needed no approval of the burgess, that an ordinance and contract were regularly passed and approved and advertised and recorded and denied all allegations of fraud or corrupt arrangements or agreement with anyone or anybody.

The court entered a decree dismissing the bill.

*Error assigned* was decree dismissing the bill.

*R. H. Koch* and *Cyrus G. Derr*, with them *F. P. Krebs* and *F. G. Farquhar*, for appellants, cited: Jones v. Schuylkill Light, Heat & Power Co., 202 Pa. 164; Seitzinger v. Electric Illuminating Co., 187 Pa. 539; Lansdowne v. Citizens' Elec. Light & Power Co., 206 Pa. 188.

*J. O. Ulrich*, with him *A. W. Schalck*, for appellees, cited: Com. v. Diamond Nat. Bank, 9 Pa. Superior Ct. 118.

Opinion by Mr. Justice Stewart, May 6, 1907:

Since nothing appears in the evidence to the contrary, we must assume that the action of the borough council in accepting the bid for lighting the public streets, awarding the contract for the same, and directing its execution, was preceded and based upon an ordinance regularly adopted establishing a permanent system of public lighting. The bill contains no averment that such ordinance had not been adopted; nor is there any admission in the answer, even impliedly, of an omission in this regard, except that the defense set up is reliance upon the regularity and sufficiency of the resolutions attacked. Judicial action should rest on facts definitely ascertained. The learned judge in dismissing the bill in the court below said: "Even if objection is made that the resolution accepting the bid was invalid because there was no ordinance authorizing the contract, the burden is upon the person making the objection to prove the nonexistence of the ordinance." The answer made by appellants to this, as we find it in their brief of argument, is: "This we consider to be good law, but not applicable to this case, in which there was no allegation that the contract was invalid, because there was no ordinance authorizing its

execution, the allegation being that it was attempted to justify a contract based upon legislative resolution, which had not been presented to or acted upon by the chief burgess." Here we have a direct admission that failure to enact an authorizing ordinance was not a fact established in the case. The law as stated by the learned judge being admittedly correct, it only remains to inquire as to its applicability. This is denied by the appellants, for the reason that the attempt on part of the defendants was " to justify the contract based upon a legislative resolution which had not been acted upon by the chief burgess." But this shows a clear misconception of the burden resting upon the respective parties to the litigation. It was not for the borough authorities to justify their contract, until something had been shown by the other side which would have warranted the court in holding the resolution invalid. The resolution adopted is spoken of as a legislative resolution ; but what difference can it make whether the resolution awarding the contract be denominated legislative or ministerial or executive ? Its real character is to be determined by what it was intended to accomplish, and not by what it is called. If in point of fact it was preceded by an ordinance or resolution regularly enacted authorizing the awarding of a contract, such earlier ordinance or resolution was legislative in character, and what followed was ministerial or executive. That the Act of May 23, 1893, P. L. 113, requiring every ordinance and resolution passed by council to be presented to the chief burgess for approval, does not apply to the latter, has been clearly decided : Jones v. Light, Heat & Power Co., 202 Pa. 164 ; Lansdowne v. Citizens' Elec. & Power Co., 206 Pa. 188. Whether the resolution the sufficiency of which is here questioned was legislative or ministerial, depends upon what preceded. Without attempting to decide anything but what is before us, this much is clear, that if the resolution awarding the contract was in pursuance of an ordinance regularly adopted, it did not require any action on the part of the chief burgess to make it valid. If there was no such earlier ordinance, it was the business of the plaintiff in the proceeding to establish its nonexistence : Lansdowne v. Citizens' Elec. Light & Power Co., 206 Pa. 188. Counsel for appellants in their argument have misapprehended the ruling of the case last cited, and the case of Seitzinger v. Electric

Illuminating Co., 187 Pa. 539, as well.    In their brief of argument submitted this occurs : " The Landsdowne case and the Seitzinger case are identical in this, that in both the allegation was made (that is, the contention before the court was) that a borough contract for street lighting could not be valid unless there was an ordinance authorizing it.    The Supreme Court in both cases answer: " That a resolution presented to or acted upon by the chief burgess was sufficient and that no ordinance was required."    All that we have said is strictly in line with the doctrine of these two cases.    While it is true that both held that a resolution awarding a contract, presented to and acted upon by the chief burgess is sufficient, there is nothing in either to warrant the inference that no ordinance is required.    The misapprehension in this particular results from failure to observe the true distinction between legislative and executive ordinances and resolutions.    An enactment by council, no matter what it is called in the minutes or elsewhere, whether ordinance, resolution or motion, which provides for the permanent regulation by the government of the borough, or the creation of liability by contract, and which is approved by the chief burgess and otherwise regular, is legislative.    The cases referred to both so declare ; and to these we may add Jones v. Light, Heat & Power Co., 202 Pa. 164.    They do not hold that an ordinance is not required ; but they do hold that such an enactment as we have described is an ordinance, however it may be otherwise designated.    Resolution and ordinance are convertible terms when alike in their scope, and formalities observed. This is the plain meaning of both cases.    It might be urged that upon their facts they warrant the conclusion that separate enactments, one authorizing the creation of liability by contract, and a later one directing the award and the execution of the contract, are not necessarily required, but that the ministerial or executive may be combined with the legislative, and one enactment suffice ; but neither expressly nor by inference do they assert that an ordinance, understanding by that legislative action, is not required.

The appeal is dismissed.