<hr />

## Miller, Appellant, *v.* West View Borough.

*Boroughs—Ordinances—Approval of burgess—Contract.*

1. Where a firm of engineers have a valid contract with a borough (1) to do routine engineering work on streets and sewers at a stated salary per year; (2) to construct a disposal plant at a certain percentage on the cost, and (3) other construction work at a certain percentage for plans, engineering and superintending construction, and during the course of the year the borough council passes a resolution not approved by the burgess for the construction of a thoroughfare at a large cost, the engineering firm cannot recover from the borough compensation for the preparation of the plans and specifications for the thoroughfare, inasmuch as the resolution unapproved by the burgess is invalid under the Act of May 23, 1893, P. L. 113.

2. In such a case the resolution providing for the expenditure of a large sum of money and involving the defining of street lines the condemnation or purchase of land is legislative and not ministerial in character, and must therefore be approved by the burgess.

Argued Dec. 4, 1913. Appeal, No. 71, April T., 1914, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1911, No. 894, on verdict for plaintiff in case of Cyrus E. Miller, surviving partner of John G. Trimble and Cyrus E. Miller, trading as Trimble & Miller, v. West View Borough. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit for engineering work. Before MACFARLANE, J.

From the pleadings it appeared that plaintiffs claimed to recover the sum of $2,976.87, with interest, as compensation for the preparation of plans and specifications for a thoroughfare in the borough of West View, and also the sum of $325, with interest, for services rendered in the construction of a "disposal plant." The facts of the case are stated in the opinion of the Superior Court.

At the trial the jury returned a verdict for $3,437.90. Subsequently the court entered judgment as follows:

"And now, to wit, May 1, 1913, for the reasons set forth in the opinion filed, it is now ordered that the verdict in the above case be reduced by deducting therefrom the amount claimed for preparing and furnishing plans, surveys and estimates for the proposed thoroughfare or highway, to wit, the sum of Three thousand and twenty-seven and 64–100 ($3,027.64) dollars, and that judgment be entered for the balance of said verdict, viz., Four hundred ten and 26–100 ($410.26) dollars, upon payment of the verdict fee."

*Error assigned* was the judgment of the court.

*Frederic W. Miller*, with him *John S. Robb, Jr.*, for appellant.—The plaintiff presented a case which entitled him upon its merits to a judgment for the full amount of the verdict: Jones v. Schuylkill Light, Heat & Power Co., 202 Pa. 164; Lansdowne v. Citizens' Electric Light & Power Co., 206 Pa. 188; Kolb v. Tamaqua Borough, 218 Pa. 126; Scranton & Pittston Traction Co. v. Canal Co., 1 Pa. Superior Ct. 409.

*A. C. Johnston*, with him *Chas. M. Johnston*, for appellee.—Under their general contract with the borough of March 15, 1910, council, without the approval of the chief burgess, had no authority or power, by motion, resolution or otherwise, to employ or direct plaintiffs to perform work of this character and thereby bind the borough for its payment: Com. v. Beaver Borough,

171 Pa. 542; Jones v. Schuylkill Light, Heat & Power Co., 202 Pa. 164; Com. v. Diamond Nat. Bank, 9 Pa. Superior Ct. 118; Long v. Lemoyne Borough, 222 Pa. 311; Chester v. Eyre, 181 Pa. 642; Shaub v. Lancaster, 156 Pa. 362; Eliott v. Monongahela, 229 Pa. 618; Addis v. Pittsburg, 85 Pa. 379; Reilly v. Phila., 60 Pa. 467; Erie v. Piece of Land, 176 Pa. 478; Sower v. Phila., 35 Pa. 231; Kepner v. Com., 40 Pa. 124; Waln v. Phila., 99 Pa. 330; Howard v. Olyphant Borough, 181 Pa. 191; Kolb v. Tamaqua Borough, 218 Pa. 126; Carpenter v. Yeadon Borough, 208 Pa. 396; Lansdowne v. Citizens' Elec. Light & Power Co., 206 Pa. 188; Dyer v. Bomberger, 13 Lanc. L. R. 6; Com. v. Buchanan, 6 Kulp, 217; Galloway v. Gilmour, 5 Pa. Dist. Rep. 553; Washington Female Seminary v. Washington Borough, 18 Pa. Superior Ct. 555; Cumberland Valley Elec. Pass. Ry. Co. v. Carlisle Borough, 7 Pa. Dist. Rep. 323; Rengier v. Lancaster, 22 Lanc. Law Rev. 193; Citizens' Bank v. Spencer, 126 Iowa, 101 (101 N. W. Repr. 643); Zottman v. San Francisco, 20 Cal. 96; Head v. Provident Ins. Co., 6 U. S. 127; Murphy v. Louisville, 72 Ky. 189.

OPINION BY HENDERSON, J., April 20, 1914:

The contract of the plaintiffs with the defendant as shown by the plaintiffs' proposal of March 7, 1910, and the acceptance thereof by the borough on March 15, 1910, embraced three subjects: (1) compensation at the rate of $200 per year for "routine engineering work of streets and sewers;" (2) disposal plant construction for which compensation was to be allowed at the rate of two and one-quarter per cent of the cost; (3) for other construction work two and one-quarter per cent for plans and specifications and two and one-quarter per cent for engineering and superintending construction complete. The contested part of the plaintiff's claim is for compensation under the third paragraph of the contract, the work performed being the preparation of plans and estimates

for a proposed "thoroughfare" through the borough. Instruction to make the plans and estimates was given by resolution of the council dated May 5, 1910. The thoroughfare project was not undertaken and the plaintiffs' claim was rejected because the resolution authorizing the preparation of plans and estimates for the improvement was not presented to, and signed by, the burgess. The third section of the Act of May 23, 1893, P. L. 113, provides that every ordinance and resolution which shall be passed by said council shall be presented to the chief burgess of such borough to be approved or disapproved by him. In construing this section a distinction has been made between acts of the council by ordinance or resolution which are of a legislative character and those which are ministerial or executive. The latter include the transaction of current business, the ordinary administration of municipal affairs and the awarding of contracts which have been previously authorized. In the first class are permanent regulations for the government of the borough, the granting of privileges to occupy streets and the creation of liability by contract: Howard v. Olyphant Boro., 181 Pa. 191; Seitzinger v. Electric Co., 187 Pa. 539; Jones v. Schuylkill Light, etc., Co., 202 Pa. 164; Elliott v. Monongahela City, 229 Pa. 618; Com. v. Diamond National Bank, 9 Pa. Superior Ct. 118. Legislation by a borough may be by resolution as well as by ordinance but the requirements essential to the validity of an ordinance must be observed when the action is legislative: Carpenter v. Yeadon Boro., 208 Pa. 396; Kolb v. Tamaqua Boro., 218 Pa. 126. The burgess is constituted a part of the law-making power of a borough and all ordinances and resolutions other than those which are purely ministerial must be presented to and approved by him to give them effect unless in case of disapproval they are adopted over his veto in the method prescribed by the statute. That the project which the borough authorities had in contemplation, and in the furthering of which

the plans and estimates were made by the plaintiffs, was legislative in its character cannot be doubted. It involved the defining of street lines, the location and construction of a street through the borough and the condemnation or purchase of land all of which would involve an outlay of more than $237,000, a little more than $100,000 of which was to be charged to a street railway company. The enterprise had no relation to the ordinary business of the borough and the affirmative co-operation of the council and burgess was necessary to initiate the undertaking. The plaintiffs' contract did not include the improvement which the borough authorities contemplated when the plans were prepared; it merely fixed the rate of compensation to be charged for any work which might be undertaken by the borough which called for plans, specifications and superintendence. It did not commit the borough to any work of this character; no street was referred to nor improvement specified nor is there anything in the contract from which it could be inferred that the parties had such a plan in view. The construction of the contract as claimed by the appellant would invest the borough council with very large legislative power independently of the concurrence of the burgess, and this is one of the things which the legislature intended to prevent except when a sufficient number of members of the council should adopt an ordinance or resolution notwithstanding the veto of the burgess. In this respect the case is unlike Lansdowne v. Citizens', etc., Co., 206 Pa. 188, and other cases of like character where the council was authorized by ordinance to make the particular contract in question. Having that precedent authority the acceptance of a bid is merely ministerial and not such a general regulation or law as need be approved by the burgess and recorded in the borough ordinance book: Long v. Lemoyne Boro., 222 Pa. 311. We do not regard Aspinwall-Dellafield Co. v. Aspinwall Borough, 229 Pa. 1, as an authority sustaining the plaintiffs' right to re-

covery on the doctrine of a ratification.   The payments made to the plaintiff were to apply on their account. It may be that it was the understanding of the borough officer who made the payments that they were so made because of the contract but they are equally applicable for services rendered on a quantum meruit under evidence showing what the services were actually worth if the borough was liable under any circumstances.   In the case referred to valuable property was acquired from the plaintiff and retained and used for a number of years and was still used as an essential part of the sewer system of the borough.   It was under such circumstances that the borough was held to be estopped in equity from asserting the invalidity of the contract.

The stipulation filed at the argument by the learned counsel for the respective parties relieves us from a determination of the question of practice raised by the appellant with respect to the action of the trial court, in reducing the amount of the judgment to the extent of the plaintiffs' claim for compensation for plans and estimates on the thoroughfare, in entering judgment on a motion for judgment non obstante veredicto in favor of the defendant.   Our understanding of that stipulation is that if this court should not be of the opinion that the plaintiff is entitled to a verdict for the compensation claimed for the plans and specifications under the pleadings the judgment may be affirmed without regard to the regularity of the modification of the verdict.   This leaves the way open to the plaintiffs to proceed in an action of assumpsit on a quantum meruit if they are entitled to recover anything.

The judgment is affirmed.