## Dunmore v. McAndrew, Appellant.

*Road law—Assessments—Apportionment of payment—Illegal ordinance—Curative Act of May 14, 1913, P. L. 200—Resolution of councils.*

Where an ordinance of a borough duly enacted, provides for an assessment for a road improvement against abutting property owners, but is invalid because it provides that the assessment shall be payable in six years in annual installments, instead of five or less annual installments, the borough, in availing itself of the benefit of the Curative Act of May 14, 1913, P. L. 299, may by resolution, direct a new assessment payable in four annual installments, without passing an ordinance for that purpose duly signed by the burgess and published according to the legal requirements.

Argued March 3, 1915. Appeal, No. 37, March T., 1915, by defendant, from order of C. P. Lackawanna Co., June T., 1914, No. 472, making absolute rule for judgment for want of a sufficient affidavit of defense in

58, (1915).]     Assignment of Error—Arguments.

case of Dunmore Borough v. P. A. McAndrew.  Before
RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.
Affirmed.

Scire facias sur municipal lien.

Rule for judgment for want of a sufficient affidavit of
defense.

The facts are stated in the opinion of the Superior
Court.

*Error assigned* was order making absolute rule for
judgment for want of a sufficient affidavit of defense.

*Cornelius Comegys* and *William W. Lathrope,* for ap-
pellant.—The legislature had no power to authorize an
assessment for the cost of a street pavement illegally
laid when there was no legal obligation on the part of
the borough to pay for it and no resultant moral or
equitable obligation on the part of the property owners
to pay for it: Schenley v. Com., to use, 36 Pa. 29.

Where the act omitted (the omission of which is in-
tended to be cured by a remedial statute) is an act which
the legislature could not have dispensed with by a prior
statute, the remedial act cannot be so construed as to
give it the retrospective operation intended: Underwood
v. Lilly, 10 S. & R. 97; Taylor v. Mitchell, 57 Pa. 209.

The Act of May 14, 1913, P. L. 200, did not authorize
this lien: Sullivan's App., 77 Pa. 107; Miller v. Miller,
44 Pa. 170.

The assignment in this case was not made according
to the law under which the improvement was made: Fell
v. Philadelphia, to use, 81 Pa. 58; Hershberger v. Pitts-
burgh, 115 Pa. 78; Moorewood Ave., 159 Pa. 39; Mc-
Andrews v. Dunmore Borough, 245 Pa. 101.

*R. A. Zimmerman* and *R. W. Archbald,* with them *C.
P. O'Malley,* for appellee.—The assessment in contro-
versy was within the terms of the curative Act of May

60       DUNMORE *v.* McANDREW, Appellant.

14, 1913, P. L. 200, and its validity is to be determined
with reference to that act without regard to what may
have gone before: Wyoming Street, 137 Pa. 494.

A resolution of the borough council was all that was
required: Miller v. Westview Borough, 57 Pa. Superior
Ct. 14; Howard v. Olyphant Borough, 181 Pa. 191;
Warner v. Poor Directors, 38 Pa. Superior Ct. 437.

OPINION BY HEAD, J., October 11, 1915:

To the municipal lien entered by the plaintiff borough
the defendant replied by filing an affidavit of defense.
After a hearing on a rule for judgment for want of a
sufficient affidavit, the learned court below made the
rule absolute and the defendant appeals.

By ordinance, duly enacted, the Borough of Dun-
more had ordained the improvement of a certain portion
of its public streets.   The ordinance further provided
for the assessment of two-thirds of the cost thereof
against the abutting property owners.   At the time of
the enactment of the ordinance the borough was fully
empowered by existing laws to do these things.   The
contract was let and the work carried forward to com-
pletion.   However, in adopting the ordinance referred
to, the borough had provided that the assessments re-
ferred to were to be payable in six years in annual in-
stallments.   In so doing it violated the statute which
authorized the splitting up of such assessment into not
more than five annual installments.   The present de-
fendant filed a bill seeking to restrain the borough from
entering into a contract and making the improvement.
Notwithstanding the filing of the bill and while it was
progressing to final hearing, the borough had gone on
with the work.   The litigation resulted in a decree for
a permanent injunction, and on appeal to the Supreme
Court, McAndrews v. Dunmore Borough, 245 Pa. 101,
that decree was affirmed.   Because the manner in which
the borough had undertaken to provide for the collection
of two-thirds of the cost of the improvement was in

violation of the statute; and because that portion of the ordinance was so inseparably connected with the remainder of it, it could not be stricken down without involving the destruction of the entire ordinance. The borough was thus left without any remedy to collect any portion of the cost of the improvement from the abutting property owners.

In 1913 the legislature enacted a statute belonging to the class commonly called Curative Acts (Act 14th May, 1913, P. L. 200). That act declared "That whenever heretofore the council of any incorporated borough of this Commonwealth has required by ordinance, and caused to be paved......any public street or part thereof, pursuant to such ordinance; but, owing to some defect in the petition or notice, or other proceeding, necessary under existing law and ordinance to give jurisdiction to such council, or, owing to some defect in the ordinance, or for any other reason, the cost of such improvement cannot be legally assessed upon the property bounding or abutting upon the street, as was contemplated by the acts of the general assembly under which the improvement was attempted to be made,— now, by this act, such improvements are made valid and binding." It is manifest from the very terms of the statute that this legislation is and was intended to be retroactive as well as prospective. It is not retroactive in any sense which, under special circumstances, makes such legislation an invalid exercise of legislative power : New Brighton Boro. v. Biddell, 14 Pa. Superior Ct. 207. When that act was passed the improvement was made valid and binding as if all of the provisions of the original ordinance had been in strict accordance with then existing law.

The act further provided "and the council of such incorporated borough may cause the property bounding or abutting upon the street, upon which the improvement has been made or is now being made, to be assessed, in the manner now provided by law, with such a portion

of the cost of such improvement as is contemplated by the law under which the improvement was made." Now, as we have already seen, under then existing law, council was fully empowered to assess two-thirds of the cost of such an improvement against abutting property owners. The Act of 12th May, 1911, P. L. 288, prescribed the manner in which the assessment was to be made. That is to say, "by an equal assessment on the feet front bounding or abutting as aforesaid; said assessment to be estimated by the street commissioner, or the person in charge of said work, or other competent authority designated by the council of said borough." After the enactment of the Curative Act, the council of the Borough of Dunmore, seeking to avail itself of the provision declaring that the council "may cause the abutting property to be assessed in the manner now provided by law," adopted a resolution directing the borough engineer who had been in charge of the work to make the necessary measurements and estimates and assess the amount thereof, according to the rule provided, upon the abutting property owners, with the further provision that said assessment should be paid in four equal annual installments. This action of the borough, following the curative statute, it is claimed made the assessment against the present defendant a valid and binding assessment, and this was the view taken by the learned court below.

It is earnestly contended by the able counsel for appellant that in order to make a valid assessment under the terms of the Curative Act, to wit, "in the manner now provided by law," it was necessary that this be done by ordinance duly signed by the burgess and published as the law requires. It may be conceded that, as was said by our Brother HENDERSON in Miller v. West View Borough, 57 Pa. Superior Ct. 14, "A distinction has been made between acts of the council by ordinance or resolution which are of a legislative character and those which are ministerial or executive. The latter in-

clude the transaction of current business, the ordinary administration of municipal affairs and the awarding of contracts which have been previously authorized. In the first class are permanent regulations for the government of the borough, the granting of privileges to occupy streets and the creation of liability by contract." (Many cases cited.)

Was the act of the council in again causing to be made the same assessment which had been previously authorized by ordinance duly enacted, so distinctively legislative in character that the ordinance or resolution making it must be signed by the burgess and published, in order to have any validity? After careful reflection we are not able so to say. The borough had previously legislated on the entire subject by an ordinance which was enacted according to every legal requirement. Its fatal defect was in no way connected with the manner of its enactment. Because of a substantive defect in the body of the ordinance it became inoperative. By the Curative Act the legislature declared that notwithstanding the improper manner in which the ordinance had provided for the collection of the assessments, the improvement itself was made valid and binding. The amount of the cost which had been previously assessed was authorized by existing law, and it was distributed among the abutting owners according to the foot front rule. In all of these respects the borough had already validly legislated. Now the Curative Act declared that the council might then proceed to levy an assessment in the manner provided by law to cover the proper proportion of the cost of the validated improvement. This it seems to us brings the present question within the line of cases of which Howard v. Borough of Olyphant, 181 Pa. 191, and Seitzinger v. Borough of Tamaqua, 187 Pa. 539, are types.

The improvement has been made and completed. The property of the defendant has received its proportionate share of the special benefits resulting from that improve-

ment.  In holding that he must pay his proportionate part of the cost thereof, we are unable to perceive that any injustice has been done to him or that this result is brought about by the violation of any statute or established principle of law.  The assignments of error are overruled.

Judgment affirmed.