## Commonwealth ex rel. v. Scully

C. F. C. *Arensberg*, of *Patterson, Crawford, Arensberg & Dunn*, for relator.

*Charles Alvin Jones*, for respondent.

PER CURIAM, November 17, 1936.—This case came on for consideration by the court on the demurrer of relator to the answer of respondent to the suggestion for a writ of quo warranto, and was argued at length by the learned counsel for relator and respondent, who submitted exhaustive briefs, which we have examined with care.

The controlling question is whether the resignation of William N. McNair as Mayor of the City of Pittsburgh by his letter to the Council of the City of Pittsburgh dated October 6, 1936, was lawfully accepted by the action of the council on that date accepting the resignation and declaring the office of Mayor of the City of Pittsburgh vacant.

It is conceded that if the resignation of Mayor William N. McNair was lawfully accepted on October 6, 1936, then respondent, Cornelius D. Scully, is the lawful Mayor of the City of Pittsburgh.

On October 6, 1936, William N. McNair transmitted to the Council of the City of Pittsburgh his signed written

resignation as Mayor of the City of Pittsburgh in form as follows:

"City of Pittsburgh,
Office of the Mayor,
October 6, 1936.

"To the City Council of the
City of Pittsburgh:

"I hereby resign from the office of Mayor of the City of Pittsburgh to be effective immediately.

"W. N. McNAIR."

At a meeting of the Council of the City of Pittsburgh on October 6, 1936, whereat eight of the nine members of said council were present and whereof the remaining member of said council, namely, William A. Magee, had due notice, the above quoted resignation of William N. McNair as Mayor of the City of Pittsburgh was read, received and filed.

After the resignation of William N. McNair as Mayor of the City of Pittsburgh was read, received and filed by the council of said city at its meeting duly assembled on October 6, 1936, Mr. Anderson, a member of council, presented the following resolution, which was read:

"Whereas, By a letter dated October 6, 1936, addressed to the Council of the City of Pittsburgh, the Honorable Wm. N. McNair, Mayor of the City of Pittsburgh, resigned his office as mayor, therefore, be it

"Resolved, That the resignation of the Honorable Wm. N. McNair as Mayor of the City of Pittsburgh shall be and the same is hereby accepted and that the office of Mayor in the City of Pittsburgh be and the same is hereby declared vacant."

After the reading of the above quoted resolution of acceptance at the meeting of the Council of the City of Pittsburgh on October 6, 1936, the adoption of the resolution was thereupon moved by Mr. Anderson, a member of said council.

On the motion for the adoption of the above quoted resolution, the ayes and noes were ordered taken and the eight members of council present at said meeting voted "aye", none voted "no", and the motion prevailed.

Immediately upon the adoption of the above quoted resolution, respondent, then being president of the Council of the City of Pittsburgh, was sworn and qualified as acting mayor.

On October 19, 1936, after a proclamation, the Council of the City of Pittsburgh, meeting in convention, elected respondent, Cornelius D. Scully, Mayor of the City of Pittsburgh for the balance of the unexpired term ending January 1, 1938, eight of the nine members of council present at the meeting of the council in convention voting in favor of respondent's election as Mayor of the City of Pittsburgh for said unexpired term, respondent being recorded as not voting, the proceedings in reference to the calling of the council in convention and the election of the respondent as mayor being conceded to be formal according to law.

Counsel for relator contends that the resignation of Mayor William N. McNair was not lawfully accepted because the resolution of acceptance was passed finally on the day of its introduction, counsel contending that this was contrary to the requirements of the Act of June 20, 1901, P. L. 20, art. XIV, sec. 4, as amended by the Act of May 31, 1911, P. L. 461, sec. 12, which provides:

"No ordinance or resolution shall be passed finally on the day of its introduction, except in case of public emergency, and then only when requested by the mayor and approved by the affirmative votes of all of the members of council present."

The position of counsel for respondent is that the resolution accepting the resignation of Mayor McNair was a ministerial or executive action, not a legislative action, and therefore not governed by the terms of the Act of 1901, supra, as amended by the Act of 1911, supra; and also that if the resolution accepting the resignation of

Mayor McNair was a legislative act it was lawful because it was within the exception in the Act of 1901, as amended by the Act of 1911, there being a public emergency in which the council acted at the request of the mayor, and the action of council was by the affirmative votes of all the members of council present. We agree with counsel for respondent on both of these points.

There is a well-recognized distinction between acts of legislative bodies which are legislative and those which are ministerial or executive: Wilkes-Barre Connecting R. R. Co. v. Kingston Borough, 319 Pa. 471; Eddy v. Ashley Borough, 281 Pa. 4; in the latter of which cases the Supreme Court distinctly held that the appointment of a borough solicitor by the borough council was a ministerial act which did not require the consent of the burgess, and the fixing of the officer's salary was a legislative act which did require the approval of the burgess.

Acts of a legislative body which are not legislative are not subject to the requirements of the law with reference to the passage of strictly legislative resolutions or ordinances: Schenck et al. v. Olyphant Borough et al., 181 Pa. 191. It is immaterial what name may be given to the action of a legislative body; its validity is to be determined by its character: Kolb v. Tamaqua Borough, 218 Pa. 126.

It is conceded that the Council of the City of Pittsburgh was the proper body to receive and act upon the resignation of the mayor and to elect his successor; that the Mayor of the City of Pittsburgh had a lawful right to resign his office; and that such a resignation became effective by the lawful acceptance thereof by the authority having the power to choose a successor. It is clear that the action required of council on receipt of the resignation of the mayor did not partake of a legislative action in any particular. Certainly the action of council did not require the approval of the resigning mayor, and just as surely it was not required that its action be advertised as legislative acts are required to be published. Appointments of officers and acceptances of resignations are inherently executive

functions, and the fact that in this case the power to accept the resignation of the mayor and to fill a vacancy in the office of mayor is lodged in the council of the city does not change the fundamental character of the action involved. The acceptance of the resignation of the mayor was for councilmanic action alone. Council could act in any suitable manner. The fact that they called their action a resolution is not material or controlling. That council accepted the resignation of Mayor McNair on October 6, 1936, is beyond all doubt. They not only formally accepted the resignation and made a record of this acceptance, but they recognized respondent, Cornelius D. Scully, as acting mayor, and on the same day confirmed his appointment of James P. Kirk as city treasurer. The resignation of William N. McNair was lawfully accepted on October 6, 1936, beyond recall.

There was a public emergency in the government of the City of Pittsburgh on October 6, 1936, requiring immediate attention. The mayor of the city had abandoned his office, leaving the city government without a directing head. The office of city treasurer was vacant and the fiscal business of the city was in great confusion, and the city government was unable to function effectively as to its financial affairs owing to the fact that there was no city treasurer. There was an intolerable condition which required rectifying at once. Mayor McNair requested council for immediate action on his resignation, thus recognizing a public emergency. Council recognized the necessity for prompt attention on account of the public emergency, and on the basis of the mayor's request, recited in the resolution of council, council acted, with due deliberation under the circumstances, accepted the mayor's resignation and declared the office of mayor vacant. Council performed their plain duty under the law and did so in a lawful manner. Actions speak louder than words. From the very nature of the case there was a very serious public emergency in the administration of the government of the City of Pittsburgh, and on that ground the action

of council was perfectly lawful, even if it could be held that their action was a legislative one.

We are asked to strike down the action of council because council did not formally declare they were acting in a public emergency; that is, we are asked to decide the case on an extremely artificial technicality. It is argued that since council did not formally declare there was a public emergency the court cannot find that there was a public emergency. Justice is not so blind. The record clearly reveals a very pressing public emergency which the court cannot ignore. We have no doubt at all that the action of council was legal both because their action was a ministerial one, which they were empowered to perform without compliance with the formal requirements of the Act of 1901, as amended by the Act of 1911, and also because there was a public emergency, which makes their act valid under the act of assembly. Respondent, Cornelius D. Scully, is the lawful Mayor of the City of Pittsburgh. Having come to the conclusion stated, it is unnecessary to discuss the other questions argued by counsel. The demurrer must be overruled and the writ quashed.

### Order

And now, to wit, November 17, 1936, it is ordered and decreed that the demurrer of relator is overruled, the writ of quo warranto is quashed, and judgment is entered for respondent, Cornelius D. Scully. The costs to be paid by the County of Allegheny.